October 29, 2010

RECEIVED & FILED

'10 NOV -1 P12 :59

To The Honorable Bruce A Markell, United States Bankruptcy Judge

Re: Case No. BK-S-10-27855-BAM – American Pacific Financial Corporation

U.S. BANKRUPTCY COURT
MARY A. SCHOTT, CLERK

We are an elderly married couple in our mid 70's and 80's, who entrusted our life savings with Larry R. Polhill of American Pacific Financial Corporation, further referred to as APFC. Mr. Polhill was in full knowledge at the time of our loaning him $100,000.00 that we had been battling cancer. We made known to him the grave health issues with which we were struggling and Mr. Polhill confirmed this knowledge by adding the verbiage: ' beneficiary has 30-day call on $20,000.00' should we need it to his contractual loan agreement/promissory note dated October 18, 2006. We believe we made it clear that we were not in a position to invest or loan what little life savings and nest egg we held into any situation of speculation and /or risk as it was all we had, should additional expenses become necessary beyond our existing medical insurance coverage.

As stated in attached documents filed with the Bankruptcy Clerk's office along with a Proof of Claim, dated October 7, 2010, we received interest payments from APFC from November, 2006 through May, 2008 and nothing since; also to a letter of demand dated April 2, 2010 we received a letter explaining the company was having difficult times and would not be making further payments while reorganizing.

We believe Larry Polhill and the staff of APFC knew the company was struggling and faltering at the time of our negotiations, but did not disclose this when borrowing our only funds. Had Mr. Polhill been forthright with the true status of their company struggling to pay its bills, we would not have loaned the funds if we had accurate and truthful information. We believe this to be no different than submitting a fraudulent loan application and misrepresentation; whether to a financial institution or a private citizen, both are wrong.

Having said all this we ask the court to consider that as an elderly couple we do not have the means to withstand and/or weather this situation as well as a large institution which stands a better chance to do so. This situation has taken a grave toll on us. We do not have the financial means to have benefit of legal counsel the indulgence of the court and persons of the court to please consider favor in our behalf in this bankruptcy proceeding of Larry R. Polhill and APFC.

As to the Motion Pursuant to Bankruptcy Rule 2002 For Order Establishing Notice Procedure scheduled for November 9, 2010, we would favor any ruling that would expedite this matter of relief requested if we could determine whether we belonged in Exhibit 1 (we were under the impression our collateral for the note was 'secured' as accounts receivable. We respectfully leave it to your discretion.

Yours very truly,

Donald Kurtz
Carol Kurtz

Cc: McDonald Carano Wilson LLP