MCDONALD CARANO WILSON LLP
Kaaran Thomas, Esq. (Nev. Bar No. 7193)
Ryan J. Works, Esq. (Nev. Bar No. 9224)
2300 West Sahara Avenue, Suite 1000
Las Vegas, NV 89102
Telephone Number: (702) 873-4100
Facsimile Number:  (702) 873-9966
kthomas@mcdonaldcarano.com
rworks@mcdonaldcarano.com
*Proposed Counsel for the Debtor in Possession*

*Electronically Filed on November 2, 2010*

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEVADA

In re

AMERICAN PACIFIC FINANCIAL CORPORATION,

Debtor.

Case No.: BK-S-10-27855-MKN

Chapter 11

Judge Bruce A. Markell

**APPLICATION FOR AN ORDER AUTHORIZING DEBTOR IN POSSESSION TO OBTAIN POST-PETITION FINANCING ON UNSECURED BASIS**

Hearing Date:  December 7, 2010
Hearing Time:  10:00 a.m.

Place: Courtroom 3, Foley Federal Building, 300 Las Vegas Blvd. South, Las Vegas, Nevada  89101

**TO: THE HONORABLE JUDGE BRUCE A. MARKELL, UNITED STATES BANKRUPTCY JUDGE, DISTRICT OF NEVADA, THE OFFICE OF THE UNITED STATES TRUSTEE, AND OTHER PARTIES ENTITLED TO NOTICE:**

American Pacific Financial Corporation ("Debtor in Possession" or "Debtor")[1], by and through its counsel, McDonald Carano Wilson LLP ("MCW"), respectfully submits this Application for an Order Authorizing the Debtor in Possession to Obtain Post-Petition Financing On An Unsecured Basis and Setting a Final Hearing (the "Application").  The relief sought in the Application is appropriate pursuant to 11 U.S.C. §§ 364(c)(1) and 503(b)(1), Federal Rules of

---

[1] Capitalized terms not otherwise defined herein will have the meanings prescribed to them under the DIP Credit Agreement.

Bankruptcy Procedure ("Fed. R. Bankr. P.") 2002, 4001(c) and 9014 and Local Rules of Bankruptcy Procedure ("LR") 4001 and 9006. The Application is based on the introductory statement, memorandum of points and authorities, the Revolving Credit Agreement (the "DIP Credit Agreement") as between Debtor and American Pacific Management Corporation ("APMC") attached as Exhibit "1," the declarations, pleadings and papers on file or filed contemporaneously herewith and any argument the Court entertains at the hearing of this matter.

## Jurisdiction and Venue

1. The Court has subject matter jurisdiction to consider this matter pursuant to 28 U.S.C. §1334.

2. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2) and may be determined by the Court.

3. Venue is proper before this Court pursuant to 28 U.S.C. §§1408 and 1409.

## Introductory Statement

4. The Debtor has been involved in private equity and sub-debt investment in various types of companies since 1978. APFC's assets include loans and investments in distressed real estate development projects and in other types of distressed operating companies throughout various industries.

5. The Debtor added value to its acquisitions by aggressively managing the assets to maximize the return on investment. However, because of the nature of its assets, the Debtor has been heavily impacted by this recession and lack of liquidity in the economy.

6. The Debtor continues to operate its business by managing its properties and companies pursuant to 11 U.S.C. §§ 1107(a) and 1108 as a Debtor in Possession.

7. However, at this time the Debtor has no ability to fund the administration of this bankruptcy matter other than to obtain debtor in possession, post-petition financing, on an unsecured, administrative-priority basis, pursuant to 11 U.S.C. §§ 364(c)(1) and 503(b)(1).

## Procedural History

1. On September 30, 2010, the Debtor filed its Application for an Order Authorizing and Approving the Employment of McDonald Carano Wilson LLP as Attorneys for the Debtor

as of the Petition Date (the "Employment Application"), which hearing on MCW's Employment Application has been continued on agreement with the Office of the United States Trustee ("OUST").

2. In its Employment Application, the Debtor represented that Larry Polhill, principal of the Debtor, paid for pre-petition bankruptcy related services provided to the Debtor, and an affiliate Classic Transportation and Leasing ("CTL"), in the amount of $5,000.

3. Thereafter, the Debtor filed a Motion for Joint Administration of the Debtor's case along with its affiliate CTL [Docket No. 18].

4. On October 26, 2010, the Debtor filed a Notice of Voluntary Conversion of its Chapter 11 Case to one under Chapter 7 of the Bankruptcy Code [Docket No. 36], thereby rendering moot the Debtor's Motion for Joint Administration, which has now been withdrawn.

5. A meeting of creditors pursuant to 11 U.S.C. § 341 has been set for November 4, 2010 at 4:00 p.m. with the OUST.

6. The Debtor's Motion for Order Establishing Notice Procedures [Docket No. 29] is set to be heard by this Court on November 9, 2010.

**Relief Requested**

7. Due to the lack of liquidity available to the Debtor, it was contemplated, and by this Application the Debtor is requesting permission to obtain credit from APMC pursuant to the DIP Credit Agreement, attached hereto as Exhibit 1.

8. The DIP Credit Agreement contemplates the extension of a revolving credit facility on an unsecured, super-priority basis to the Debtor, in an amount not to exceed:

    a. on and after the Interim Closing Date and prior to the Final Closing Date, $25,000, and

    b. on and after the Final Closing Date, $75,000 (collectively, the amounts borrowed by the Debtor will be referred to as, the "Revolving Credit Facility").

9. Dollars advanced pursuant to the Revolving Credit Facility will bear interest at the non-default rate of 6% per annum.

10. After the entry of the Interim Order, and pursuant to and to the extent permitted in the Interim Order and the Final Order, the Revolving Credit Facility will constitute an allowed administrative expense claim in the Chapter 11 Case, having priority over all administrative expense claims and unsecured claims against the Debtor now existing or hereafter arising, of any kind whatsoever, including, without limitation, all administrative expense claims of the kind specified in Sections 105, 326, 330, 331, 503(b), 506(c), 507(a), 507(b), 546(c), 726, 1114 or any other provision of the Bankruptcy Code, as provided under Section 364(c)(1) of the Bankruptcy Code.

11. The Debtor respectfully requests authorization and approval from this Court to obtain this post-petition financing from APMC pursuant to 11 U.S.C. §§ 364(c)(1) and 503(b)(1), Fed. R. Bankr. P. 2002, 4001(c) and 9014, LR 4001 and 9006 and the DIP Credit Agreement attached as Exhibit 1.

12. The DIP Credit Agreement and the material provisions therein constitute the entire understanding between APMC and the Debtor.

13. By this Application, the Debtor seeks entry of an Order, a proposed form of which is attached hereto as Exhibit 2, (the "DIP Financing Order") approving the DIP Credit Agreement.

14. The DIP Credit Agreement is subject to approval by a final order granting this Application.

**Debtor's Need for Postpetition Financing**

15. The Debtor is unable to pay for the administration of its Chapter 11 Bankruptcy Case. *See* Declaration of Larry Polhill in Support of Application (the "Polhill Decl.") at ¶ 3.

16. Without the proposed financing the Debtor will be without any funding to pay for the administration of the case, including taxes, professional fees and expenses, and payment to the United States Trustee's Office for fees incurred.

17. Since the filing of its Chapter 11 Bankruptcy Case, the Debtor has incurred additional fees and costs associated with this matter. *Id*.

18. Debtor now request that this Court approve this Application and allow the

proposed DIP Credit Agreement to facilitate the continued operation of the Debtor, including but not limited to: reasonable compensation and expenses incurred by the lawyers and professionals of the Debtor, payment of operating expenses, taxes, and miscellaneous costs of the Debtor, and payment to the OUST for its quarterly fees.

19. The proposed financing is critical to preserving and enhancing Debtor's abilities to operate as a going concern.

20. As stated in the declaration of Larry Polhill, filed concurrently herewith, the Debtor is unable to procure financing from any other source, as such, the only available credit is from APMC, in the form of unsecured credit allowable under section 364(c)(1) and 503(b)(1) of the Bankruptcy Code as an administrative, super-priority expense.

21. As set forth above, Debtor is unable to obtain the financing on terms competitive with, let alone more favorable than, the financing currently offered by APMC.

22. Debtor believes that the DIP Credit Agreement and the material provisions set forth therein are fair, just and reasonable under the circumstances, ordinary and appropriate for financing for a debtor in possession in similar high-risk situations; that the DIP Credit Agreement and material provisions reflect the Debtor's exercise of prudent business judgment consistent with its fiduciary duties, and that the terms of the DIP Credit Agreement are supported by reasonably equivalent value and fair consideration.

23. The terms and conditions of the DIP Credit Agreement and the material provisions set forth therein have been negotiated in good faith and was entered into under the parties own free will and with complete authority.

24. Debtor believes that the relief requested in this Application is necessary, essential and appropriate and is in the best interest of and will benefit Debtor, its creditors and the estate as its implementation will, among other things, provide Debtor with the necessary liquidity to (a) minimize disruption to the Debtor's businesses and on-going operations; (b) preserve and maximize the value of the Debtor's estate for the benefit of all of the creditors; and (c) avoid immediate and irreparable harm to Debtor its creditors, its business and its assets.

**Memorandum of Points and Authorities**

**A.    Pursuant to 11 U.S.C. § 364(c)(1) this Court May Authorize the Debtor to Obtain Unsecured Credit and to Incur Unsecured Debt.**

1.    Pursuant to 11 U.S.C. § 364(c)(1), "if the [Debtor in Possession] is unable to obtain unsecured credit allowable under section 503(b)(1) of this title as an administrative expense, the court, after notice and a hearing, may authorize the obtaining of credit or the incurring of debt – (1) with priority over any or all administrative expenses of the kind specified in section 503(b) or 507(b) of this title."

2.    Here, the Debtor is unable to obtain unsecured credit from elsewhere, therefore relief under 11 U.S.C. § 364(c)(1) is appropriate.  *See In re Debbie Reynolds Hotel & Casino, Inc.*, 255 F.3d 1061, 1064 (9th Cir. 2001).

3.    In *Debbie Reynolds Hotel & Casino, Inc.*, "Calstar agreed to loan Debtor $150,000 to keep the hotel open while Calstar completed its due diligence prior to closing the sale. This postpetition financing was approved by the bankruptcy court on a "super priority" basis under 11 U.S.C. § 364(c)(1).  Calstar's superpriority loan did not alter the rights of secured creditors, but it gave Calstar the right to repayment ahead of all administrative and unsecured claims." *Id*. at 1064.

4.    Much like the Court in *Debbie Reynolds Hotel & Casino, Inc.,* this Court may authorize the Debtor to obtain credit and to incur debt that is given a "super priority" as to all other administrative expenses of the kind specified in Sections 503(b) and 507(b) of the Bankruptcy Code.  Here, there are no secured creditors, therefore, no rights are being altered and APMC will merely be paid before any other administrative claimants (if any).

5.    "Cases consistently reflect that the court's discretion under section 364 of the Bankruptcy Code is to be utilized on grounds that permit reasonable business judgment to be exercised so long as the financing agreement does not contain terms that leverage the bankruptcy process and powers or its purpose is not so much to benefit the estate as to benefit the parties in interest." *See In re Ames Dept. Stores, Inc.,* 115 B.R. 34, 40 (S.D.N.Y. 1990).

6.    Here, the Debtor has used its reasonable business judgment in its determination to

obtain credit pursuant to the DIP Credit Agreement, which will permit the Debtor to continue operating its business as a going concern, while attempting to reorganize to realize value for its creditors.

7.    In no way is the bankruptcy process being leveraged as this DIP Credit Agreement will form the basis for recovery to the Debtor's estate.  The alternative to the Debtor is a Chapter 7 liquidation, which will potentially leave the estate without any recovery.

8.    For all of the above reasons, this Court should grant the Debtor's Application.

**B.**    **Pursuant to Bankruptcy Rule 4001(c)(2), This Court Can Set the Motion for Final Hearing.**

1.    Bankruptcy Rule 4001(c)(2) states, "…the court may commence a final hearing on a motion for authority to obtain credit no earlier than 15 days after service of the motion."

2.    Moreover, LR 4001(b)(2) provides that "Motions for using cash collateral or obtaining credit to be heard on less than 20 days' notice must be accompanied by separately filed affidavits or declarations setting forth the nature and extent of the irreparable harm that will result if the request is not granted, and must conform with the requirements to obtain an order shortening time under LR 9006."

3.    Here, the Debtor has obtained December 7, 2010 as the hearing date for the instant Application, which will allow the Debtor to provide more than 20 days' notice to its creditors and other parties in interest.

4.    Because no interim relief is being requested, a final hearing may be commenced with respect to the instant Application.

WHEREFORE, Debtor respectfully requests that the Court grant the relief requested herein and enter a final ORDER AUTHORIZING DEBTOR IN POSSESSION TO OBTAIN POST-PETITION FINANCING a proposed form of which has been attached herewith and filed concurrently with this Application.

RESPECTFULLY SUBMITTED this 2nd day of November, 2010.

                MCDONALD CARANO WILSON LLP

By: /s/ Ryan J. Works
    Kaaran Thomas, Esq. (Nev. Bar No. 7193)
    Ryan J. Works, Esq. (Nev. Bar No. 9224)
    2300 West Sahara Avenue, Suite 1000
    Las Vegas, NV 89102
    *Proposed Counsel for the Debtor in Possession*