EDWARD M. MCDONALD JR., Trial Attorney
State Bar # NY 4126009
*edward.m.mcdonald@usdoj.gov*
**UNITED STATES DEPARTMENT OF JUSTICE**
Office of the United States Trustee
300 Las Vegas Boulevard, So., Suite 4300
Las Vegas, Nevada 89101
Telephone: (702) 388-6600 Attorney Ext. 234
Facsimile:  (702) 388-6658

E-Filed on November 23, 2010

Attorneys for the Acting United States Trustee
    AUGUST B. LANDIS

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>**AMERICAN PACIFIC FINANCIAL CORPORATION**<br><br>Debtor. | CASE NO: BK-**S-10-27855-BAM**<br><br>Chapter 11<br><br>Date: December 7, 2010<br>Time:   10:00 a.m. (PT)<br>Place:  Foley Courtroom 3 (third floor) |

# THE ACTING UNITED STATES TRUSTEE'S OBJECTION TO AMERICAN PACIFIC FINANCIAL CORPORATION'S APPLICATION FOR AN ORDER AUTHORIZING DEBTOR IN POSSESSION TO OBTAIN POSTPETITION FINANCING ON UNSECURED BASIS [DOCKET NO. 67]

The Acting United States Trustee hereby objects to American Pacific Financial Corporation's (the "Debtor" or "APFC") Application For An Order Authorizing Debtor In Possession To Obtain Postpetition Financing On Unsecured Basis [Docket No. 67] (the "Motion") because the Motion and the "Debtor-in-Possession Revolving Credit Agreement, dated as of November 1, 2010, among American Pacific Financial Corporation, Debtor and Debtor In Possession under Chapter 11 of the Bankruptcy Code, as Borrower, American Pacific

Management Corporation as Lender" (the "Credit Agreement") seek to improperly bind parties in interest to the Credit Agreement, including successor trustees, and the Motion simply does not provide enough detail concerning why the proposed financing is fair and is the only financing available to the Debtor .

The Acting United States Trustee respectfully requests that the Court enter an order sustaining this Objection and denying the Motion. To the extent that Court is inclined to grant the Motion, the Acting United States Trustee respectfully requests that it continue do so on an interim basis to preserve the rights of an unsecured creditors committee to object.

The Objection is based upon documents comprising the official court docket in this case, the following memorandum of points and authorities, and any oral argument the Court may entertain as to this Objection.

The Acting United States Trustee requests the Court to take judicial notice of the pleadings and documents comprising the Court's docket in this case pursuant to Federal Rule of Evidence 201. To the extent that a factual assertion in this objection is predicated upon a statement made by the Debtor either in pleadings and documents filed by the Debtor in this case, such factual assertions are supported by admissible evidence in the form of an admission of a party opponent under Federal Rule of Bankruptcy Procedure 9017 and Federal Rule of Evidence 801(d)(2).

## **MEMORANDUM OF POINTS AND AUTHORITIES**

BACKGROUND FACTS AND PROCEDURAL POSTURE

1. Pursuant to 28 U.S.C. § 586(a)(3), the Acting United States Trustee is charged with responsibility for supervising the administration of cases under Chapters 7, 11, 12 and 13 of the United States Bankruptcy Code.[1] The Acting United States Trustee has standing to raise and to "appear and be heard on any issue in any case or proceeding" brought under the Code. 11 U.S.C. § 307.

---

[1] 11 U.S.C. §§ 101-1532 (as amended). The word "Code" as used in this Objection refers to the United States Bankruptcy Code. The word "Section" refers to the corresponding section of the Code unless otherwise noted.

2. APFC commenced this case by filing a voluntary petition under the Code on September 21, 2010.[2]

3. No Chapter 11 trustee has been appointed in these cases and the debtor operates as debtors-in-possession.

4. An unsecured creditor's committee was appointed on November 4, 2010. [*See* Docket Nos. 79 and 80] An application to employ counsel has not yet been filed by the unsecured creditor's committee. [*See* Docket] The Debtor and the unsecured creditor's committee have stipulated to extend the deadline for the unsecured creditor's committee to object to the Motion to December 2, 2010. [Docket No. 88] The Court entered an order approving the stipulation on November 22, 2010. [Docket No. 91]

5. On October 5, 2010, Debtor filed its schedules and it statement of financial affairs. [Docket Nos. 25 and 26]

6. On November 2, 2010 Debtor filed the Motion with supporting declaration by debtor's representative Larry Polhill. [Docket Nos. 67 and 68]

7. The Motion requests that the Court approve APFC's application to obtain post petition financing pursuant to the Credit Agreement. [Docket No. 67, p. 3 of 8, ¶ 7] The Motion asserts that without access to the post-petition financing the Debtor cannot finance the administration of the bankruptcy estate. [Docket No. 67, p. 2 of 8, lines 23 - 25] Larry Polhill, Debtor's representative, also asserts that the Debtor is administratively insolvent in his supporting declaration: "Debtor is unable to pay for the administration of its Chapter 11 Bankruptcy Case." [Docket No. 68, p. 1 of 2, ¶ 3][3]

---

[2] No schedules or a statement of financial affairs was attached to Debtor's petition. [*See* Docket No. 1]

[3] The Declaration of Larry Polhill in Support of Application for an Order Authorizing Debtor In Possession To Obtain Post-Petition Financing on Unsecured bases [Docket No. 68] is a mere five paragraphs that says nothing about the relationship between APFC and "American Pacific Management Corporation" and/or "AmPac Management Corporation" or what steps APFC took to try an find post-petition financing from lenders other than "American

8. The proposed lender is listed in the Motion and Credit Agreement as "American Pacific Management Corporation."  Neither the Motion nor the Credit Agreement explain APFC's relationship to American Pacific Management Corporation.  The promissary note attached to the Credit Agreement, however, lists the lender as "AmPac Management Corporation, a Nevada Corporation." [Docket No. 67-1, p. 26 of 26] The Nevada Secretary of State website lists Larry R. Polhill of 7380 S. Eastern Avenue, Suite 150, Las Vegas, NV 89123 as the Director, Treasurer, Secretary and President of AmPac Management Corporation." [*See* Exhibit A to the attached Declaration of Edward M. McDonald Jr.]

9. Larry Polhill is also the debtor's representative, president, director and 100% equity owner. [Docket No. 1, p. 3 of 5; Docket No. 4; Docket No. 59, p. 11 of 15]  Larry R. Polhill is also a creditor in this case for $208,000. [Docket No. 25, pp. 11 and 13 of 28]

10. Accordingly, the proposed lender and debtor appear to both be controlled by Larry Polhill.   Debtor's proposed Disclosure Statement also asserts that American Pacific Management Corporation is an affiliate of the Debtor. [*See* Docket No. 69, p. 22 of 60, ¶ 2]

11. The Credit Agreement proposes to provide APFC with up to $100,000 to finance the bankruptcy in exchange for a super-priority lien that will ride through a conversion to Chapter 7, reorganization and/or default. [Docket 67, p. 3 of 8, ¶ 8 and p. 4 of 8, ¶ 10; Docket 67-1, p. 14 of 26, § 2.12 and p. 20 of 26, § 6.2]

12. The Credit Agreement states that "[t]his Agreement shall be binding upon and inure to the benefit of the Borrower and the Lender and their respective successors and assigns, including any trustee appointed in this case." [Docket No. 67-1, p. 23 of 26, § 8.4(a)]

13. The  Credit Agreement lists a number of events that constitute default under its terms, including:

> (i) the dismissal of the Chapter 11 Case, or the conversion of the Chapter 11 Case from one under Chapter 11 to one under Chapter 7 of the Bankruptcy Code or Borrower shall file a motion or other pleading seeking the dismissal of the any of the Chapter 11 Case under section 1112 of the Bankruptcy Code or otherwise;

---

Pacific Management Corporation" and/or "AmPac Management Corporation."

> (ii) the appointment of an interim or permanent trustee in the Chapter 11 Case or the appointment of a receiver or an examiner in the Chapter 11 Case with expanded powers to operate or manage the financial affairs, the business, or reorganization of any of the Borrower (powers beyond those set forth under sections 1106(a)(3) and (4) of the Bankruptcy Code) under section 1106(b) of the Bankruptcy Code);

[Docket 67-1, pp. 21-22 of 26, §§ 7.1(d)( i ) and (ii)]

14. The Credit Agreement also seeks to limit the ability to use the financing "to finance in any way, any action, suit, arbitration, proceeding, application, motion or other litigation of any type adverse to the interests of Lender or its rights and remedies under this Agreement, the other Loan Documents, the Interim Order or the Final Order." [Docket 67-1, p. 14 of 26, § 2.8( i )]

15. The Credit Agreement does not appear to include a "carve out" provision for an unsecured creditors committee or for successor trustees.

## ARGUMENT SUMMARY

16. The Motion seeks a Court order binding estate fiduciaries as to the terms of the Credit Agreement, including any Chapter 11 or Chapter 7 successor trustees. If the Debtor, its management, and its affiliate AmPac Management Corporation wish for the Debtor to remain in Chapter 11, they should allow the process to operate as envisioned. The terms of the Credit Agreement should not be allowed to prevent successor trustees and other estate fiduciaries from performing their fiduciary duties under the Code.

## ARGUMENT

17. Neither the Motion nor the Polhill Declaration provide any specific information on what the Debtor did to find post petition financing on terms better than those offered in the Credit Agreement.

18. To the extent that APFC is securing post-petition financing from its affiliate this transaction should be subjected to greater scrutiny than mere 'business judgement.' *See, e.g. In re Medical Software Solutions*, 286 B.R. 431, 445 (Bankr. D. Utah 2002)("[B]ecause the asset sale is to a purported insider, the purchaser has a heightened responsibility to show that the sale is proposed in good faith and for fair value. *See In re Industrial Valley Refrigeration and Air Conditioning Supplies, Inc.*, 77 B.R. 15, 17 (Bankr.E.D.Pa.1987)"); *see also In re Mid-Town*

*Produce Terminal, Inc. V. Barr* (*In re Mid-Town Produce Terminal, Inc.*) 599 F.2d 389, 392 ("Because there is incentive and opportunity to take advantage, dominant shareholders and other insiders' loans in a bankruptcy situation are subject to special scrutiny. *Pepper v. Litton*, 308 U.S. 295, 306-307, 60 S.Ct. 238, 245, 84 L.Ed. 281 (1939)").[4]

19. In addition, the Debtor and its representative assert in the Motion and the Polhill Declaration the Debtor is administratively insolvent, therefore, the Debtor, its management and its affiliate appear to believe that their interests will be better served through a reorganization process than through liquidation. [Docket No. 67, p. 2 of 8, lines 23 -25; Docket 68, p. 1 of 2, lines 24 - 25] Because they have chosen reorganization over liquidation, they should allow the process to operate as envisioned by the Code.

20. Because the debtor in possession generally enjoys little negotiating power in circumstances such as this one, "bankruptcy courts do not allow terms in financing arrangements that convert the bankruptcy process from one designed to benefit all creditors to one designed for the unwarranted benefit of the postpetition lender." *In re Defender Drug Stores, Inc.*, 145 B.R. 312, 317 (9th Cir. B.A.P. (Ariz.), 1992)(citations omitted). In a case where the debtor corporation was administratively insolvent and had reached a pre-petition agreement with its secured creditor to initiate a sale under § 363 of the Code, the court outlined the benefits the secured creditor hoped to gain from the bankruptcy process when it stated that "this Court understands [the secured creditor's] interest in acquiring the assets along with a bankruptcy order insulating it from future claims and providing a federal forum to litigate any contract issues." *In re Encore Healthcare Associates*, 312 B.R. 52, 55-56 (Bankr. E.D. Pa. 2004) (the court denied the motion to sell because the debtor was unable to provide a justification for it other than to

---

[4] The Motion should also clarify the name of the lender and its relationship to the Debtor. *See, e.g. In re Wilde Horses, Inc.*, 136 B.R. 830, 842 (Bankr. C. D. Ca. 1991) ("Clearly then, a debtor who proposes a sale of all of its assets to an insider must fully disclose to the court and creditors the relationship between the buyer and seller, as well as the circumstances under which the negotiations have taken place, any marketing efforts, and the factual basis upon which the debtor determined that the price was reasonable.")

benefit the secured creditor). These decisions stand for the proposition that bankruptcy should not be limited in a manner designed to benefit only one set of parties in interest.

17. Accordingly, courts often "look to whether the proposed terms [in the financing agreement] would prejudice the powers and rights that the Code confers for the benefit of all creditors and leverage the Chapter 11 process by granting the lender excessive control over the debtor or its assets as to unduly prejudice the rights of other parties in interest." *In re Defender Drug Stores, Inc.*, 145 B.R. 312, 317 (9th Cir. B.A.P. (Ariz.), 1992)(citations omitted).

18. Many of the clauses in the Credit Agreement give rise to the possibility that the Debtor's insiders are attempting to leverage the Chapter 11 process in this case to their sole advantage. The Credit Agreement does not include fees for an unsecured creditors committee or a Chapter 11 trustee, if one is appointed, in a carve out provision, appointment of a Chapter 11 trustee or conversion to a Chapter 7 both constitute a default, the provisions of the Credit Agreement appear to limit the money that can be used to investigate or prosecute actions against AmPac Management Corporation, the Credit Agreement provides for superpriority status for an insider all within the first sixty days of this case. The court in *In re Ames Dept. Stores, Inc.*, 115 B.R. 34, 40 (Bankr. S.D.N.Y. 1990) voiced concerns about similar provisions in a post-petition financing agreement in that case because

> They effectively preclude or limit the ability of parties in interest to seek appointment, pursuant to section 1104(a)(1) or (b) of a trustee or examiner with enlarged powers for fraud, dishonesty or incompetence of management or for mismanagement or irregularities in the management of a debtor's affairs. A failure to provide a reasonable sum for professionals has, in other cases before this Court, left estates, creditors' committees and trustees without the assistance of counsel and the Court without the adversary system contemplated by Congress in 1978 when it, in enacting the Bankruptcy Code, recast the role of bankruptcy judges principally to one of resolving disputes. A provision providing for default or relief from the automatic stay, unless it is limited to the Debtor's principal asset, overreaches and can only be designed to skew the Court's disinterested decision of a motion for such relief with the knowledge that to grant the relief may affect hundreds of other creditors and thousands of employees.

*In re Ames Dept. Stores, Inc.*, 115 B.R. 34, 40-41 (Bankr. S.D.N.Y. 1990).

19. To the extent that the insiders of the Debtor are benefitting from allowing it to go

1  through the reorganization process they should allow the process to work without attempting to
2  preclude successor trustees or an unsecured creditors committee from administering the estate
3  and/or protecting the interests of other creditors. In addition, because the post-petition financing
4  comes from appears to be to be an insider of the Debtor, the Debtor should be required to
5  provide more detail as to what it did to secure financing from other sources that were on better
6  terms than those of the Credit Agreement. This case is in its infancy and the unsecured creditors
7  committee has not yet filed an application to employ counsel. If the Court is inclined to grant
8  the Debtor's Motion, the Acting United State Trustee respectfully requests that the Court
9  continue to do so on an interim basis.

10  **WHEREFORE,** the Acting United States Trustee  respectfully requests that the Court
11  enter an order denying approval the Motion and sustaining this Objection, or, if the Court grants
12  the Motion, that it continue do so on an interim basis.
13  Dated:  November 23, 2010

14  Respectfully submitted,

16  **THE UNITED STATES TRUSTEE**

17  By:  */s/  Edward M. McDonald Jr.*
      Edward M. McDonald Jr., Esq.
      Attorney for the United States Trustee

# CERTIFICATE OF MAILING

I, the undersigned, hereby certify and declare that I deposited a true and correct copy of this objection in first class United States mail, postage fully prepaid, and, if a facsimile number is listed, by facsimile, on this date to each of the parties listed below:

| | |
|---|---|
| KAARAN E. THOMAS, ESQ.<br>MCDONALD CARANO WILSON LLP<br>100 W LIBERTY ST, 10TH FLR<br>RENO, NV 89505 | AMERICAN PACIFIC FINANCIAL CORP.<br>Attn: Larry R. Polhill, Presdient<br>7380 S. EASTERN AVENUE, SUITE 150<br>LAS VEGAS, NV 89123 |
| LISA M WILTSHIRE<br>McDonald Carano Wilson LLP<br>2300 West Sahara Avenue , Suite 1000<br>LAS VEGAS, NV 89102 | JEFFREY A. SCHWAB, ESQ.<br>ABELMAN, FRAYNE & SCHWAB<br>666 THIRD AVENUE, FLOOR 10<br>NEW YORK, NY 10017 |
| RYAN J. WORKS, ESQ.<br>MCDONALD CARANO WILSON LLP<br>2300 W. SAHARA AVE., SUITE 1000<br>LAS VEGAS, NV 89102 | LOUIS M. BUBALA III, ESQ.<br>ARMSTRONG TEASDALE LLP<br>50 WEST LIBERTY, SUITE 950<br>RENO, NV 89501 |

Dated:  November 23, 2010

**OFFICE OF THE UNITED STATES TRUSTEE**

By:  */s/  Edward M. McDonald Jr.*

An Authorized Employee of the United States Trustee

EDWARD M. MCDONALD JR., Attorney
State Bar # NY 4126009
edward.m.mcdonald@usdoj.gov
UNITED STATES DEPARTMENT OF JUSTICE
Office of the United States Trustee
300 Las Vegas Boulevard, So., Suite 4300
Las Vegas, Nevada 89101
Telephone: (702) 388-6600 Attorney Ext. 234
Facsimile:  (702) 388-6658

E-Filed on November 23, 2010

**Attorney for the Acting United States Trustee**
   **AUGUST B. LANDIS**

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

In re:

**AMERICAN PACIFIC FINANCING CORPORATION,**

Debtor.

CASE NOS: BK-**S-10-27855-BAM**

Chapter 11

Date: December 7, 2010
Time:   10:00 a.m.
Location: Foley Courtroom 3

## DECLARATION OF EDWARD M. MCDONALD JR.

Edward M. McDonald Jr. declares and states as follows:

1. I am an employee of the U.S. Department of Justice, Office of the United States Trustee, and have personal knowledge of the matters asserted in this declaration.

2. Attached hereto as Exhibit A is a true and correct copy of the "Business Entity Information" for AmPac management Corporation, which I obtained from the website of the nevada Secretary of State at:

   http://nvsos.gov/sosentitysearch/CorpDetails.aspx?lx8nvq=D1lmhP0%252b6sD%252b3CKyQnL%252fIw%253d%253d&nt7=0.

(CONTINUED ON NEXT PAGE)

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: November 23, 2010

_____

An employee of the Office of the United States Trustee

# EXHIBIT A

Home | About Ross | Calendar | News | FAQ | Forms | Contact Us

Search…

Home | Information Center | Election Center | Business Center | Licensing Center | Securities Center | Online Services

My Data Reports | Business Entity Search | Login (File Annual Lists) | Login (Data Reports)

# AMPAC MANAGEMENT CORPORATION

[ New Search ]  [ Printer Friendly ]  [ Calculate List Fees ]

| Business Entity Information | | | |
|---|---|---|---|
| Status: | Active | File Date: | 6/09/2008 |
| Type: | Domestic Corporation | Entity Number: | E0380142008-7 |
| Qualifying State: | NV | List of Officers Due: | 6/30/2011 |
| Managed By: | | Expiration Date: | |
| NV Business ID: | NV20081515692 | Business License Exp: | *Exempt* - 003 |

| Registered Agent Information | | | |
|---|---|---|---|
| Name: | JOSE PABON | Address 1: | 4401 FENTON LANE |
| Address 2: | | City: | LAS VEGAS |
| State: | NV | Zip Code: | 89032 |
| Phone: | | Fax: | |
| Mailing Address 1: | | Mailing Address 2: | |
| Mailing City: | | Mailing State: | |
| Mailing Zip Code: | | | |
| Agent Type: | Noncommercial Registered Agent | | |
| View all business entities under this registered agent | | | |

| Financial Information | | | |
|---|---|---|---|
| No Par Share Count: | 0 | Capital Amount: | $ 10,000.00 |
| Par Share Count: | 10,000,000.00 | Par Share Value: | $ 0.001 |

| Officers | | | ☐ Include Inactive Officers |
|---|---|---|---|
| **President - LARRY R POLHILL** | | | |
| Address 1: | 7380 S EASTERN AVE #150 | Address 2: | |
| City: | LAS VEGAS | State: | NV |
| Zip Code: | 89123 | Country: | |
| Status: | Active | Email: | |
| **Secretary - LARRY R POLHILL** | | | |
| Address 1: | 7380 S EASTERN AVE #150 | Address 2: | |
| City: | LAS VEGAS | State: | NV |
| Zip Code: | 89123 | Country: | |
| Status: | Active | Email: | |

| Treasurer - LARRY R POLHILL | | | |
|---|---|---|---|
| Address 1: | 7380 S EASTERN AVE #150 | Address 2: | |
| City: | LAS VEGAS | State: | NV |
| Zip Code: | 89123 | Country: | |
| Status: | Active | Email: | |
| Director - LARRY R POLHILL | | | |
| Address 1: | 7380 S EASTERN AVE #150 | Address 2: | |
| City: | LAS VEGAS | State: | NV |
| Zip Code: | 89123 | Country: | |
| Status: | Active | Email: | |

**Actions\Amendments**

Click here to view 4 actions\amendments associated with this company

Information Center  |  Election Center  |  Business Center  |  Licensing Center  |  Securities Center  |  Online Services  |  Contact Us  |  Sitemap

101 N Carson Street Suite 3 Carson City, NV 89701 | (775) 684-5708
© 2010 All Rights Reserved. Privacy Policy and Disclaimer | About This Site