EDWARD M. MCDONALD JR., Trial Attorney
State Bar # NY 4126009
*edward.m.mcdonald@usdoj.gov*
**UNITED STATES DEPARTMENT OF JUSTICE**
Office of the United States Trustee
300 Las Vegas Boulevard, So., Suite 4300
Las Vegas, Nevada 89101
Telephone: (702) 388-6600 Attorney Ext. 234
Facsimile:  (702) 388-6658

E-Filed on November 23, 2010

Attorneys for the Acting United States Trustee
        AUGUST B. LANDIS

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>**AMERICAN PACIFIC FINANCIAL CORPORATION**<br><br><br>Debtor. | CASE NO: BK-**S-10-27855-BAM**<br><br>Chapter 11<br><br>Date: December 7, 2010<br>Time:   10:00 a.m. (PT)<br>Place:  Foley Courtroom 3 (third floor) |

**THE ACTING UNITED STATES TRUSTEE'S
OBJECTION TO DISCLOSURE STATEMENT
DESCRIBING CHAPTER 11 PLAN OF ORGANIZATION
PROPOSED BY AMERICAN PACIFIC FINANCIAL CORPORATION
(DATED NOVEMBER 1, 2010)  [DOCKET NO. 69]**

August B. Landis, Acting United States Trustee for Region 17, objects to the Disclosure Statement filed American Pacific Financial Corporation ("Debtor" or "APFC") [Docket No. 69]. The Court should sustain this Objection and deny approval of the Disclosure Statement because it does not contain adequate information within the meaning of 11 U.S.C. § 1125(b).  The Acting United States Trustee respectfully requests that the Court enter an order sustaining this Objection and denying approval of the Disclosure Statement.

The Objection is based upon documents comprising the official court docket in this case,

the following memorandum of points and authorities, and any oral argument the Court may entertain as to the Disclosure Statement. The Acting United States Trustee requests the Court to take judicial notice of the pleadings and documents comprising the Court's docket in this case pursuant to Federal Rule of Bankruptcy Procedure 9017 and Federal Rule of Evidence 201.  To the extent that a factual assertion in this Objection is predicated upon a statement made by Debtor or its representatives, either at the meeting of creditors held pursuant to 11 U.S.C. § 341 or in pleadings and documents filed by Debtor in this case, such factual assertions are supported by admissible evidence in the form of an admission of a party opponent under Federal Rule of Bankruptcy Procedure 9017 and Federal Rule of Evidence 801(d)(2).

## MEMORANDUM OF POINTS AND AUTHORITIES

### BACKGROUND FACTS AND PROCEDURAL POSTURE

1. Pursuant to 28 U.S.C. § 586(a)(3), the Acting United States Trustee is charged with responsibility for supervising the administration of cases under Chapters 7, 11, 12 and 13 of the United States Bankruptcy Code.[1]  The Acting United States Trustee has standing to raise and to "appear and be heard on any issue in any case or proceeding" brought under the Code.  11 U.S.C. § 307.

2. APFC commenced this case by filing a voluntary petition under the Code on September 21, 2010.[2]

3. No Chapter 11 trustee has been appointed in these cases and the debtor operates as debtors-in-possession.

4. An unsecured creditor's committee was appointed on November 4, 2010. [*See* Docket Nos. 79 and 80] An application to employ counsel has not yet been filed by the unsecured creditor's committee. [*See* Docket] The Debtor and the unsecured creditor's committee have

---

[1] 11 U.S.C. §§ 101-1532 (as amended).  The word "Code" as used in this Objection refers to the United States Bankruptcy Code.  The word "Section" refers to the corresponding section of the Code unless otherwise noted.

[2] No schedules or a statement of financial affairs was attached to Debtor's petition. [*See* Docket No. 1]

stipulated to extend the deadline for the unsecured creditor's committee to object to the Disclosure Statement to December 2, 2010. [Docket No. 88] The Court entered an order approving the stipulation on November 22, 2010. [Docket No. 91]

5. On October 5, 2010, Debtor filed its schedules and it statement of financial affairs. [Docket Nos. 25 and 26]

6. On November 2, 2010 Debtor filed a motion to for approval to obtain post-petition financing from an affiliate, which is set for hearing on December 7, 2010. [Docket No. 67]

7. On November 2, 2010 the Debtor also filed the Disclosure Statement. [Docket No. 69] There does not appear to been a motion filed requesting the Court to approve the Disclosure Statement, although an omnibus notice of hearing was filed which included the Disclosure Statement as an item. [*See* Docket No. 74].

8. On November 3, 2010 the Debtor filed a proposed Plan of Reorganization. [Docket No. 73]

## ARGUMENT SUMMARY

9. The Debtor has not filed a motion seeking approval of the Disclosure Statement and even if it had filed such a motion the Disclosure Statement does not contain adequate information within the meaning of Section 1125 of the Code.

10. To the extent the Debtor is seeking approval of the Disclosure Statement as containing adequate information, the Acting United States Trustee's Objection should be sustained, and approval of the Disclosure Statement should be denied.

## ARGUMENT

*Approval of the Disclosure Statement should be denied because the Disclosure Statement does not contain adequate information within the meaning of Section 1125 of the Bankruptcy Code.*

11. Section 1129(a) of the Code sets forth a series of requirements Debtor must meet in order to obtain confirmation of the Plan. First among these is Section 1129(a)(1), which requires the Plan to comply with the applicable provisions of the Code. Section 1129(a)(2), in addition, requires a plan proponent to comply with the requirements of the Code, most notably the disclosure requirements set forth in Section 1125 of the Code. Because Debtor seeks approval of

1  the Disclosure Statement and seeks to solicit acceptance of the Plan following the Petition Date,
2  Debtor must comply with the requirements of Section 1125(b) of the Bankruptcy Code.
3      12.  Section 1125(b) of the Code provides:

> An acceptance or rejection of a plan may not be solicited after the commencement of the case under this title from a holder of a claim or interest with respect to such claim or interest, unless, at the time of or before such solicitation, there is transmitted to such holder the plan or a summary of the plan, and a written disclosure statement approved, after notice and a hearing, by the court as containing adequate information.  The court may approve a disclosure statement without a valuation of the debtor or an appraisal of the debtor's assets.

9      13.  Distilled to its essence, the statutory concept of adequate information is such
10 information, in kind and amount, that when disclosed to a "hypothetical investor typical of the
11 claims or interests in the case...enable[s] such a hypothetical investor...to make an informed
12 judgment about the plan."  11 U.S.C. § 1125(a)(1).  The Disclosure Statement does not contain
13 adequate information.  As a result, it should not be approved by the Court.
14     14.  The Disclosure Statement fails to attach the following documents referenced with the
15 Disclosure Statement:

    (A)    The Disclosure Statement provides that the Reorganized Debtor will continue working to protect, manage, and add value to the remaining assets and references, but fails to attach, a management contract that will achieve this by outsourcing consultation services and investor relations, asset management and administrative assistance. [*See* Docket 69, p. 20 of 60, ¶ IX ( C ).]

    (B)    The Disclosure Statement purportedly lists the Debtor's unsecured liabilities as Exhibit 3 to the Disclosure statement.  [*See* Docket 69, p. 22 of 60, ¶ IX (D) (3)].  However, Exhibit 3 contains a mailing matrix. [*See* Docket 69-3]

    ( C)    The Disclosure Statement purportedly attaches "Exhibit 4 [which] contains a list of proposed amounts of Cure Claims for all contracts or leases scheduled to be assumed." [*See* Docket 69, p. 31 of 60, ¶ X ( C) (1)

|   |   |   |
|---|---|---|
|   |   | (b)]. However, Exhibit 4 is not attached. [*See* Docket 69-4] |
|   | (D) | The Disclosure Statement provides that "[t]he Trust Agreement shall be filed with other Plan Exhibits as Exhibit 5." [*See* Docket 69, p. 34 of 60, ¶ X ( D) (2) (a)]. However, Exhibit 5 is not attached. [*See* Docket 69-5] |
|   | (E) | The Disclosure Statement references the "DIP facility" but does not attach it. [Docket No. 69, p. 25 of 60] The Debtor proposes to satisfy obligations to creditors from the remains of the DIP Facility. [Id.] However, the credit agreement attached to Debtor's motion for approval to obtain post-petition financing provides that the funds cannot be used to "(ii) to finance the payment of, or application for authority to pay, any prepetition claim without the Lender's prior written consent, (iii) to make any distribution under a Reorganization Plan in any Chapter 11 Case." [Docket No. 67-1, p. 14 of 26, § 2.8] |

15. The Disclosure Statement provides:

> The Disclosure Statement includes, as Exhibit 7, financial projections for the Reorganized Debtor (collectively, the "Projections"). <u>The Projections show financial information for the 18-month period following the anticipated Effective Date.</u> In particular, the Projections demonstrate that the Reorganized Debtor will be able to meet their obligations for the first year and a half after the Effective Date and that the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the Reorganized Debtor other than as called for in the Plan (the liquidation of the Assets for the benefit of Class 3 Beneficiaries). As a result, the Plan satisfies the feasibility requirement set forth in Bankruptcy Code section 1129.

[Docket No. 69, pp. 44 - 45 of 60, ¶ XI (A) (Emphasis added); *see also* Docket No. 69-7]

However, the financial projections attached as Exhibit 7 to the Disclosure Statement are inadequate because the Plan proposes to pay unsecured creditors over a period of 84 months. [*See, e.g.*, Docket 69, p. 9 of 60 (last entry in chart)]

16. The Disclosure Statement provides:

> The Debtor prepared the liquidation analysis, attached hereto as Exhibit 8, reflecting the estimated cash proceeds, net of liquidation-related costs, that would be realized if each Debtor

> were liquidated in accordance with chapter 7 of the Bankruptcy Code. The liquidation analysis projects that, under either a best-case or worst-case scenario, the Plan provides at least as good a recovery as a chapter 7 liquidation.

[Docket 69, p. 45 of 60, Section XII, fourth paragraph] However, the liquidation analysis is inadequate because it includes a side-by-side comparison of low and high liquidation values but no column containing a reorganization value. [*See* Docket No. 69-8]

17. The attached Plan [Docket No. 69-1] provide that "Class 5 (Equity Interests). Unimpaired. On the Effective Date, the Debtor's equity interest holders shall retain their stock." [Docket 69-1, p. 23 of 44] However, there does not appear to be an explanation of how equity will retain its interests given that three of the four classes above equity are impaired. Neither the Disclosure Statement nor the attached Plan appear to discuss how this provision satisfies the absolute priority rule. In addition, there does not appear to be a discussion of new value.

18. The attached Plan also contains releases that include non-debtor entities. [Docket 69-1, p. 36 of 44, ¶ XI (A)] Neither the Plan nor the Disclosure Statement discuss how non-debtor releases can be included in the Plan given the controlling 9th Circuit authority prohibiting third-party non-debtor releases. *See, e.g.*, *Underhill v. Royal*, 769 F.2d 1426 (9th Cir. 1985), *rejected on other grounds by Reves v. Ernst & Young*, 494 U.S. 56, 64 (1990); *American Hardwoods, Inc. v. Deutsche Credit Corp. (In re American Hardwoods, Inc.)*, 885 F.2d 621 (9th Cir.1989); *In re Lowenschuss*, 67 F.3d 1394 (9th Cir. 1995).

19. The Disclosure Statement does not provide a range of possible dividends that unsecured creditors could expect to receive. The Disclosure Statement simply provides that they will receive "A Pro Rata share of: Assets sold at liquidation prices." [Docket No. 69, p. 9 of 60]

20. The Disclosure Statement provides that Debtor is not aware of any avoidance actions [Docket 69, p. 24 of 60, ¶ 4 (b)] but then the "nature and amount of distributions under the Plan nevertheless will depend upon at least four variables...(2) the recovery realized, if any, on the Avoidance Actions, and other preserved causes of action...(3) the magnitude of Administrative and Priority Claims." [Docket 69, p. 25 of 60, ¶ X (A)] The Disclosure Statement then reveals that Debtor has not yet calculated administrative expenses: "the Debtor has engaged in only a

preliminary analysis of claims and the Claims Bar Date has not passed." [Id.]

21. The Disclosure Statement does not appear to contain a discussion on how Debtor will collect on its accounts receivable.

22. Given that Debtor appears to be administratively insolvent [*see* Docket 68, Declaration of Larry Polhill, p. 1 of 2, ¶ 3], the Disclosure Statement does not adequately discuss how Debtor will pay almost $100,000 in priority claims and convenience claims, as well as administrative expenses. [*See* Docket No. 69, p. 9 of 60]. Pursuant to 11 U.S.C. § 1129(a)(9)(A) administrative claims must be paid in cash on the effective date unless the administrative claim holders agree to different treatment. 11 U.S.C. § 1129(a)(9)(A).

23. The Disclosure Statement is inadequate, confusing, and is missing important attachments. For the reasons set forth above, it does not provide adequate information to creditors.

**WHEREFORE,** the Acting United States Trustee respectfully requests that the Court enter an order ( i ) denying approval of the Disclosure Statement and (ii) sustaining the Objection.

Dated: November 23, 2010

                            Respectfully submitted,

                            **THE UNITED STATES TRUSTEE**

By: */s/ Edward M. McDonald Jr.*
     Edward M. McDonald Jr., Esq.
     Attorney for the United States Trustee

# CERTIFICATE OF MAILING

I, the undersigned, hereby certify and declare that I deposited a true and correct copy of this objection in first class United States mail, postage fully prepaid, and, if a facsimile number is listed, by facsimile, on this date to each of the parties listed below:

| | |
|---|---|
| KAARAN E. THOMAS, ESQ.<br>MCDONALD CARANO WILSON LLP<br>100 W LIBERTY ST, 10TH FLR<br>RENO, NV 89505 | AMERICAN PACIFIC FINANCIAL CORP.<br>Attn: Larry R. Polhill, Presdient<br>7380 S. EASTERN AVENUE, SUITE 150<br>LAS VEGAS, NV 89123 |
| LISA M WILTSHIRE<br>McDonald Carano Wilson LLP<br>2300 West Sahara Avenue , Suite 1000<br>LAS VEGAS, NV 89102 | JEFFREY A. SCHWAB, ESQ.<br>ABELMAN, FRAYNE & SCHWAB<br>666 THIRD AVENUE, FLOOR 10<br>NEW YORK, NY 10017 |
| RYAN J. WORKS, ESQ.<br>MCDONALD CARANO WILSON LLP<br>2300 W. SAHARA AVE., SUITE 1000<br>LAS VEGAS, NV 89102 | LOUIS M. BUBALA III, ESQ.<br>ARMSTRONG TEASDALE LLP<br>50 WEST LIBERTY, SUITE 950<br>RENO, NV 89501 |

Dated: November 23, 2010

**OFFICE OF THE UNITED STATES TRUSTEE**

By: */s/ Edward M. McDonald Jr.*
    An Authorized Employee of the United States Trustee