JANET L. CHUBB, ESQ.
Nevada Bar No. 0176
LOUIS M. BUBALA III, ESQ.
Nevada Bar No. 8974
ARMSTRONG TEASDALE LLP
50 West Liberty Street, Suite 950
Reno, NV 89501
Telephone:  (775) 322-7400
Facsimile:  (775) 322-9049
Email:  lbubala@armstrongteasdale.com
           jchubb@armstrongteasdale.com
           bsalinas@armstrongteasdale.com

*Proposed Counsel for the Official Committee of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>AMERICAN PACIFIC FINANCIAL CORPORATION | Case No.:  BK-S-10-27855-BAM<br><br>Chapter 11<br><br>**Date: OST Requested**<br>**Time:** |

**APPLICATION FOR AN ORDER AUTHORIZING**
**THE RETENTION OF ARMSTRONG TEASDALE LLP AS COUNSEL**
**FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

The Official Committee of Unseured Creditors (the "Committee") appointed in the chapter 11 case of American Pacific Financial Corporation (the "Debtor"), by and through its chairman, hereby submits this application (the "Application") for the entry of an order authorizing the retention of the law firm of Armstrong Teasdale LLP ("Armstrong Teasdale") as counsel to the Committee *nunc pro tunc* to November 24, 2010 pursuant to section 1103(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rule") and the Local Bankruptcy Rules for the District of Nevada (the "Local Rules"). In support of the Application, the Committee contemporaneously files the declaration of Louis M. Bubala III (the "Bubala Declaration") and respectfully represents as follows:

**I.    BACKGROUND**

1.    On September 21, 2010 (the "Petition Date"), the Debtor filed its voluntary petition

for relief under Chapter 11 of the Bankruptcy Code.[1]

2.  Debtor continues to operate its business and manage its properties as debtor and debtor-in-possession pursuant to Section 1107(a) and 1108 of the Bankruptcy Code.

3.  No request has been made for the appointment of a trustee or examiner in this case.

4.  On November 14, 2010, the United States Trustee for the District of Nevada, pursuant to section 1102(a) of the Bankruptcy Code, appointed seven entities to the Committee to represent the interests of the Debtor's unsecured creditors. The United States Trustee added an eighth entity to The Committee on November 5, 2010. The Committee selected Armstrong Teasdale as counsel to represent the Committee in this chapter 11 case.

## II.  JURISDICTION

5.  This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## III.  RELIEF REQUESTED

6.  Pursuant to this Application, the Committee seeks authority to retain Armstrong Teasdale as its counsel regarding all matters related to the Debtor's chapter 11 case.

7.  The Committee selected Armstrong Teasdale because of its extensive experience and knowledge of bankruptcy matters, and believes Armstrong Teasdale is well qualified to represent the Committee in this case. For example, Armstrong Teasdale has represented official and unofficial committees and other prominent parties as more fully described in the Bubala Declaration.

### ARMSTRONG TEASDALE'S ROLE

8.  Subject to the direction of the Committee and further order of this Court, professional services to be rendered by Armstrong Teasdale to the Committee will include following:

   a.  **assisting and advising the Committee in its discussions with the Debtors and other parties in interest regarding the overall administration of this case;**

---

[1] All references to "Section" herein shall be to the Bankruptcy Code appearing in Title 11 of the U.S. Code; all references to a "Bankruptcy Rule" shall refer to the Federal Rules of Bankruptcy Procedure; and all references to a "Local Rule" shall refer to the Local Rules of Bankruptcy Practice of the U.S. District Court for the District of Nevada.

    b.    **representing the Committee at hearings to be held before this Court and communications with the Committee regarding the matters heard and the issues raised as well as the decisions and considerations of this Court;**

    c.    **assisting and advising the Committee in its examination and analysis of the conduct of the Debtor's affairs;**

    d.    **reviewing and analyzing pleadings, orders, schedules, and other documents filed and to be filed with this Court by interested parties in this case; advising the Committee as to the necessity, propriety, and impact of the foregoing upon this case; and consenting or objecting to pleadings or orders on behalf of the Committee, as appropriate;**

    e.    **assisting the Committee in preparing such applications, motions, memoranda, proposed orders, and other pleadings as may be required in support of positions taken by the Committee, including all trial preparation as may be necessary;**

    f.    **conferring with the professionals retained by the Debtor and other parties in interest, as well as with such other professionals as may be selected and employed by the Committee;**

    g.    **coordinating the receipt and dissemination of information prepared by and received from the Debtor's professionals, as well as such information as may be received from professionals engaged by the Committee or other parties in interest in this case;**

    h.    **participating in such examinations of the Debtor and other witnesses as may be necessary in order to analyze and determine, among other things, the Debtor's assets and financial condition, whether the Debtor has made any avoidable transfers of property, or whether causes of action exist on action exist on behalf of the Debtor's estates;**

    i.    **negotiating and formulating a plan of reorganization for the Debtor; and**

    j.    **assisting the Committee generally in performing such other services as may be desirable or required for the discharge of the Committee's duties pursuant to section 1103 of the Bankruptcy Code.**

9.    The Committee believes that it is necessary to employ counsel to render the professional services to the Committee as described above so that the Committee may properly fulfill its duties under the Bankruptcy Code. Further, the Committee believes that Armstrong Teasdale is well qualified to handle the legal work required in these chapter 11 cases.

### ARMSTRONG TEASDALE'S CONNECTIONS IN THESE CASES

10.    The Committee has reviewed the Bubala Declaration including all of the "connections" (as such term is used in Bankruptcy Rule 2014(a)) in these cases as disclosed therein.

**ARMSTRONG TEASDALE'S COMPENSATION**

11. Armstrong Teasdale proposes to render its services on an hourly fee basis according to its customary hourly rates in effect when the services are rendered. It is anticipated that the primary attorneys who will represent the Committee are Louis M. Bubala III, Esq. (an associate of the firm whose current hourly rate is $275) and Janet L. Chubb, Esq. (a partner of the firm whose current hourly rate is $450). Other Armstrong Teasdale attorneys or paraprofessionals are currently in effect, but are subject to periodic adjustments: new associates to senior partners: from $180 to $525 per hour and for paraprofessionals: from 100 to $275 per hour.[2]

12. Armstrong Teasdale's policy regarding reimbursement of actual and necessary expenses incurred in connection with providing legal services is to charge its clients for out-of-pocket expenses. Among other things, Armstrong Teasdale charges its clients for telephone and telecopier toll and other charges, mail and express mail charges, special or hand delivery charges, photocopying charges, travel expenses, after-hours taxi expenses, expenses for working meals or overtime/after-hours meals, computerized research, transcript costs, and secretarial overtime. The Committee has been assured that Armstrong Teasdale will charge the Committee for these expenses at rates consistent with charges made to other Armstrong Teasdale clients, and subject to the local rules and orders of this Court and the guidelines of the United States Trustee.

13. Armstrong Teasdale will maintain detailed records of fees and expenses incurred in connection with the rendering of the legal services described above, in accordance with applicable rules and guidelines. The Committee requests that Armstrong Teasdale be allowed compensation for its services and reimbursement for its expenses in accordance with sections 330 and 331 of the Bankruptcy Code and Bankruptcy Rule 2016, upon submission of appropriate applications therefore in compliance with all applicable orders, rules and guidelines, subject to the review and approval of this Court.

**NOTICE**

14. The Committee has provided notice of this Application on the those specified by The

---

[2] Periodically, and no less frequently than one each calendar year, Armstrong Teasdale reviews its hourly rates and revises them consistent with market conditions.

Order Establishing Notice Procedures (Ct. Dkt. #90, filed November 22, 2010), including debtor, the Office of the United States Trustee, Internal Revenue Service, Securities and Exchange Commission, Jeffrey A. Schwab, Dorothy Van Kalsbeek, Maria Davis, Paul Hazell, Veronica Chew, Miraleste Equities, LLC strict of Nevada, Las Vegas, and San Bernardino County.

15. No prior application for the relief requested herein has been made to this or any other Court.

**WHEREFORE**, the Committee respectfully requests that the Court enter the proposed order annexed hereto approving the Committee's retention of Armstrong Teasdale, *nunc pro tunc* to November 24, 2010.

> THOMAS L. DAVIS, III, M.D.
> Thomas L. Davis, III M.D. Pension and Profit Sharing
>
> By: /s/ Thomas L. Davis III
> Thomas L. Davis, III
> Chairperson of the Official Committee of Unsecured Creditors

Prepared:

/s/ Louis M. Bubala III
LOUIS M. BUBALA III
ARMSTRONG TEASDALE LLP
50 W. Liberty Street, Suite 950
Reno, NV 89501

*Proposed Counsel for the Official Committee of Unsecured Creditors*