1  MARC J. BLAU (CA State Bar No. 198162)               E-Filed: March 28, 2011
   SARAH D. MOYED (CA State Bar No. 126215)
2  SARA D. KALIN (Ca State Bar No. 212156)

3  Attorneys for:
   U. S. SECURITIES AND EXCHANGE COMMISSION
4  Rosalind R. Tyson, Regional Director
   5670 Wilshire Boulevard, 11th Floor
5  Los Angeles, California 90036
   Telephone: (323) 965-3998
6  Facsimile: (323) 965-4530
   E-mail Address:
7  blaum@sec.gov
   moyeds@sec.gov
8  kalins@sec.gov

9

10                 UNITED STATES BANKRUPTCY COURT

11                      DISTRICT OF NEVADA

12

13  In re:                          )   Case No. BK-S-10-27855-BAM
                                     )
14  AMERICAN PACIFIC FINANCIAL       )   Chapter 11
    CORPORATION,                     )
15                                   )   **U. S.  SECURITIES AND EXCHANGE**
              Debtor.                )   **COMMISSION'S JOINDER TO, AND**
16                                   )   **STATEMENT IN SUPPORT OF, THE**
                                     )   **ACTING UNITED STATES TRUSTEE'S**
17                                   )   **MOTION FOR THE APPOINTMENT OF**
                                     )   **A CHAPTER 11 TRUSTEE PURSUANT**
18                                   )   **TO 11 U.S.C. § 1104 (a)(1)**
                                     )
19                                   )   Date: April 18, 2011
                                     )   Time: 9:30 a.m.
20                                   )   Place: Foley Courtroom 3 (third floor)
                                     )
21  _____)

22  **TO THE HONORABLE BRUCE A.  MARKELL, UNITED STATES BANKRUPTCY**

23  **JUDGE:**

24      The UNITED STATES SECURITIES AND EXCHANGE COMMISSION ("Commission"),

25  appearing in this case as a party-in-interest pursuant to 11 U.S.C. § 1109(b), hereby files this

26  joinder to, and statement in support of, the Acting United States Trustee's Motion for the

27  Appointment of a Chapter 11 Trustee Pursuant to 11 U.S.C. § 1104(a)(1) (Docket No. 233, the

28  "Trustee Motion").  The Commission incorporates the arguments set forth

in the Trustee Motion as if fully set forth herein and, in further support thereof, respectfully

states as follows:

## I.

## **INTRODUCTION**

The Commission is the federal agency charged with, among other things, the regulation and

enforcement of the federal securities laws. [*See* 15 U.S.C. §§ 77t, 78d, 78u et al.]. The

Commission's interest in this case is to ensure compliance with applicable federal securities

laws, protect its enforcement interest,[1] and ensure that American Pacific Financial

Corporation's ("Debtor" or "APFC") investors, all of whom the Debtor has listed as unsecured

creditors, are treated fairly.

The Trustee Motion establishes sufficient cause to warrant the appointment of a Chapter 11

trustee pursuant to 11 U.S.C. § 1104(a)(1). The Commission shares the concerns raised by the

Acting U.S. Trustee with respect to the Debtor remaining in possession of this estate and fully

supports the appointment of a Chapter 11 trustee in this case so that an independent fiduciary is

in control of the Debtor and its assets.

## II.

## **DISCUSSION**

### A.    **APFC's and Polhill's Fraudulent Misrepresentations and Omissions**

As detailed in the Trustee Motion, the Debtor and Larry Polhill ("Polhill"), the Debtor's

representative, president, director, and 100% equity owner, have made material      .

misrepresentations and have omitted material facts from representations made to investors

during the course of APFC's promissory note offering.   Specifically, the Trustee Motion details

at least five instances wherein the Debtor and Polhill materially misled three APFC investors, all

---

[1]    The Commission has an ongoing, non-public investigation into the activities and conduct of the Debtor and related persons and entities to determine whether federal securities laws have been violated.  The Commission is continuing its investigation notwithstanding the pending bankruptcy case as an action by a governmental unit to enforce its police or regulatory power in accordance with the exception to the automatic stay provided at 11 U.S.C. § 362(b)(4).  The Commission has filed a proof of claim in this case. [*See* Claim No. 98-1].

of whom have submitted declarations in support of the Trustee Motion:

- **The USPL Note:** In December 2004, APFC issued Paul Hazell ("Hazell"), a creditor of APFC, and his wife a $400,000 promissory note, signed by Polhill, pledging certain collateral defined as U.S. Plastic Lumber Equipment Financing ("USPL"), which Polhill claimed owned equipment worth over $1 million which could be sold to satisfy APFC's obligations under the note. Unbeknownst to Hazell, in July 2004, USPL had already filed a voluntary petition under Chapter 11 of the Bankruptcy Code in the Southern District of Florida. An affiliate of the Debtor, AMPAC Capital Solutions, made an appearance in the USPL bankruptcy case in August 2004, four months prior to when Hazell signed the promissory note with APFC. [*See* Trustee Motion at ¶¶ 11-17; Docket No. 231, Declaration of Paul Hazell ("Hazell Dec.")].

- **The Glen Cove Notes:** In September 2007, Hazell and his wife agreed to roll the USPL Note into a $507,364 note purportedly secured by certain real estate located at 88-90 Hazel Street, Glen Cove, New York. In January 2008, Hazell and his wife agreed to roll two other APFC notes into another APFC promissory note in the amount of $501,151, also purportedly secured by the Glen Cove property. Polhill signed both Glen Cove notes on behalf of APFC. However, as detailed in APFC's filings with the Court, the Glen Cove property had already been assigned to a third party mortgage lender before Hazell signed either of the Glen Cove notes. The third party lender subsequently foreclosed on the property, which has no value to the Debtor. [*See* Trustee Motion at ¶¶ 18-22; Hazell Dec.; Docket No. 61-6].

- **The G,B & L Note:** In 2003, William Mudd ("Mudd"), a creditor of APFC, invested $60,000 from an individual retirement count into an APFC affiliate. He did so after being told by a former APFC representative that his investment was secured by all of the assets of APFC as well as personally guaranteed by Polhill. In May 2003, Mudd invested another $360,134 in an APFC issued promissory note that was purportedly secured by accounts receivable of G,B & L, a trucking company. Polhill signed the note

1    on behalf of APFC.   In March 2005, Mudd rolled this note over for another term.  In

2    March 2008, Polhill informed Mudd that G, B &L had in fact gone out of business years

3    earlier due to ongoing litigation concerning an accident involving one of its truckers.

4    This was the first Mudd had ever heard of this information concerning G,B&L's

5    operating status. [*See* Trustee Motion at ¶¶ 24-25, 27-28; Docket No. 232, Declaration of

6    William Mudd ("Mudd Dec.")].

7    •   **The Orange Texas Note:** In April 2004, Mudd invested $400,000 with APFC through a

8        promissory note, signed by Polhill, purportedly secured by certain real estate located at

9        601 Division Street, Orange, Texas.  In January 2008, Mudd rolled over this investment

10       into a new note totaling $490,279, also purportedly secured by the Orange, Texas

11       property.  Mudd later learned that APFC ceased making mortgage payments on the

12       Orange, Texas property.  In April 2008, APFC transferred the property to two third

13       parties pursuant to a No Warranty Deed (In Lieu of Foreclosure). [*See* Trustee Motion at

14       ¶¶ 26 and 30; Mudd Dec.].

15   •   **The Hesperia Note:** In June 1997, Jose Pabon ("Pabon"), a creditor of APFC, rolled

16       over a prior investment with APFC into a $47,124 promissory note, signed by Polhill,

17       and purportedly secured by certain real estate located at 16545 Hercules Street, Hesperia,

18       California 92345.   The note continued to rollover at the end of each term.  Pabon

19       subsequently discovered that, in February 2004,   APFC had sold the Hesperia property.

20       This was despite the fact that, per the terms of the note, the Hesperia property continued

21       to serve as collateral for Pabon's investment, which indicated that the property would

22       remain as security for the note until it was fully repaid, which it had not been. [*See*

23       Trustee Motion at ¶¶ 34-37; Docket No. 230, Declaration of Jose Pabon].

24       The facts discussed above demonstrate that the Debtor and Polhill repeatedly made

25   fraudulent misrepresentations and omitted material facts from representations made to investors

26   concerning the collateral that purportedly secured their promissory notes.  These fraudulent and

27   dishonest acts constitute "cause" within the meaning of Section 1104(a)(1) of the Bankruptcy

28   Code, requiring the appointment of a trustee to manage the affairs of this Debtor.  As detailed in

1  the three investors'/creditors' respective declarations, had the investors been made aware of the

2  true facts regarding the property securing their investments, they never would have invested in,

3  rolled-over, and continued to hold their prior investments in the promissory notes. The Debtor's

4  and Polhill's fraudulent or, at the very minimum, dishonest course of dealing with investors in

5  APFC's promissory note offering render them unfit to serve in the fiduciary capacity demanded

6  of a debtor-in-possession. Section 1104(a)(1) will not countenance leaving the Debtor and

7  Polhill in charge of the assets of this estate on behalf of the very creditors whose investments

8  they procured through deceit. Accordingly, the Commission supports the Trustee's Motion for

9  appointment of a Chapter 11 trustee.

10  **B.  Registration Violations under the Federal Securities Laws**

11      In addition to the fraudulent misrepresentations and omissions made by APFC and Polhill,

12  APFC's promissory note offering and the offering of interests in an investment fund through

13  American Pacific Financial Group II, Ltd. (the "APFG II Fund") appear to have violated the

14  registration provisions of the federal securities laws, as they were not registered with the

15  Commission pursuant to Section 5(a) and 5(c) of the Securities Act of 1933 ("Securities Act"),

16  15 U.S.C. §§ 77e(a) and 77e(c). For the reasons noted in ¶ 63 of the Trustee Motion, the

17  promissory notes offered and sold by APFC qualify as securities under Section 2(a)(1) of the

18  Securities Act , 15 U.S.C. § 77b(a)(1), and Section 3(a)(10) of the Securities Exchange Act of

19  1934 ("Exchange Act"), 15 U.S.C. § 78c(a)(10). Further, as detailed in the Pabon Declaration,

20  APFC offered and sold interests in an investment fund through APFG II Fund, for which it sent

21  periodic statements to investors. [*See* Pabon Dec. ¶ 10-12]. The list of APFC's 20 largest

22  unsecured creditors names APFGroup and APFGroup II as its two largest unsecured creditors,

23  with claims totaling nearly $51 million. [*See* Docket No. 3; *See also* Docket No. 61-1, detailing

24  APFC's role with respect to APFGroup and APFGroup II].  The interests in APFG II Fund also

25  appear to be securities as defined by the federal securities laws.

26      Section 5(a)(1) of the Securities Act prohibits the direct or indirect sale of securities through

27  the mail or interstate commerce unless a registration statement has been filed and is in effect.

28  Section 5(c) of the Securities Act prohibits the offer for sale of securities through the mail or

1  interstate commerce unless a registration statement has been filed with the Commission. A

2  prima facie case of a violation of Section 5 is established by showing that: (1) no registration

3  statement was filed or in effect for the offering of the securities; (2) the defendant, directly or

4  indirectly, sold or offered to sell the securities; and (3) the sale was made through the use of

5  interstate facilities or the mails.  SEC v. Ralston Purina Co., 346 U.S. 119, 126 (1953).

6      Here, all elements of a prima facie case are present.  No registration statement was filed or in

7  effect for either the promissory note or investment fund offerings.  [See Declaration of Marc J.

8  Blau, ¶ 4 and Ex. A - attestation of Commission's Records Officer], and APFC and Polhill

9  offered and sold the securities through the use of interstate facilities to investors in several

10  states. [See Docket No. 3,  listing 20 largest creditors, who are located in California, South

11  Dakota, Washington, Colorado, and Nevada].  Accordingly, the Commission is able to establish

12  a prima facie case that APFC and Polhill violated Section 5 of the Securities Act by failing to

13  register the securities offerings with the Commission.

14      Additionally, depending upon how the securities were offered and sold and what services

15  APFC and Polhill provided to its investors, the Debtor also may have violated the broker-dealer

16  registration requirements imposed by Section 15 of the Exchange Act, 15 U.S.C. § 78o(a),  as

17  well as the investment-adviser registration requirements of Section 203 of the Investment

18  Advisers Act of 1940, 15 U.S.C. § 80b-3 . [See Blau Dec. at Ex. A].  As noted above, the

19  Commission has an ongoing investigation into the activities of the Debtor and related persons

20  and entities, and part of the investigation will focus on whether APFC or others needed to be

21  registered with the Commission, and if so, in what capacity.  The failure to comply with

22  applicable federal securities registration laws not only would be illegal but also would constitute

23  gross mismanagement of a debtor's business, another element that would establish "cause"

24  under  Section 1104(a)(1) of the Bankruptcy Code.  All of the facts discussed herein and in the

25  ///

26  ///

27  ///

28  ///

1    Trustee Motion amply establish cause to appoint a Chapter 11 trustee in this case under

2    11 U.S.C. § 1104(a)(1).

3                                          **III.**

4                                    **CONCLUSION**

5          WHEREFORE, the United States Securities and Exchange Commission respectfully requests

6    the entry of an Order: (i) directing the immediate appointment of a Chapter 11 trustee; and (ii)

7    providing such other relief as the Court deems appropriate.

8

9    Dated: March 28, 2011                    Respectfully submitted,

10

11

12                                          SARAH D. MOYED
                                            MARC J. BLAU
13                                          Attorneys for the
                                            U. S. SECURITIES AND
14                                          EXCHANGE COMMISSION

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# CERTIFICATE OF SERVICE

On March 28, 2011, I served the following document(s): **U.S. SECURITIES AND EXCHANGE COMMISSION'S JOINDER TO, AND STATEMENT IN SUPPORT OF, THE ACTING UNITED STATES TRUSTEE'S MOTION FOR THE APPOINTMENT OF A CHAPTER 11 TRUSTEE PURSUANT TO 11 U.S.C. § 1104 (A)(1).** The document was served by the following means to the persons as listed below:

<u>Service By ECF System</u>

*Counsel for the Creditor The Official Committee of Unsecured Creditors*

Louis M. Bubala, III
Armstrong Teasdale, LLP
50 W. Liberty Street, Suite 950
Reno, Nevada 89501
Telephone: (775) 322-7400
Facsimile:  (775) 322-9049
Email: lkubala@armstrongteasdale.com

*Counsel for Creditor Hazell, Paul Miraleste Equities, LLC,*

Kelly J. Brinkman, Esq.
Goold Patterson Ales & Day
4496 S. Pecos Road
Las Vegas, Nevada 89121
Telephone: (702) 436-2600
Facsimile:  (702) 436-2650
Email: kbrinkman@gooldpatterson.com

*Counsel for Creditor County of San Bernardino, California*

Philip S. Gerson, Esq.
9950 W. Cheyenne Avenue
Las Vegas, Nevada 89129
Telephone: (702) 384-4012
Email: banknv@rocgd.com

*Counsel for Creditor County of San Bernardino, California*

Ashley L. Ruiz, Esq.
Romero Law Firm
6516 Bright Avenue
Whittier, California 90601
Telephone (562) 907-6800
Email: ruiz@mromerolawfirm.com

*Counsel for the United States Trustee*

Edward M. McDonald, Esq.
Office of the United States Trustee
300 Las Vegas Blvd., South, Suite 4300
Las Vegas, Nevada 89101
Telephone: (702) 388-6600
Email: edward.m.mcdonald@usdoj.gov

*Counsel for Creditor Abelman, Frayne & Schwab*

Jeffrey A. Schwab, Esq.
Abelman, Frayne & Schwab
666 Third Avenue
New York, New York 10017
Telephone: (212) 949-9022
Email: JASchwab@lawabel.com

*Counsel for Debtor American Pacific Financial Corporation*

Kaaran E. Thomas, Esq.
McDonald Carano Wilson LLP
100 W. Liberty Street, 10th Floor
Reno, Nevada 89505
Telephone: (775) 788-2000
Email: kthomas@mcdonaldcarano.com9
*Counsel for Debtor American Pacific Financial Corporation*

Lisa M. Wiltshire, Esq.
Ryan J. Works, Esq.
McDonald Carano Wilson LLP
2300 West Sahara Avenue, Suite 1000
Las Vegas, Nevada 89102
Telephone: (702) 873-4100
Facsimile:  (702) 873-9966
Email: lwiltshire@mcdonaldcarano.com
        rworks@mcdonaldcarano.com

1    **Service By U.S. Mail Postage Prepaid**

2    **Debtor**

3    American Pacific Financial Corporation
     7380 S. Easter Avenue, Suite 150
4    Las Vegas, Nevada 89123

5    Internal Revenue Service
     110 City Parkway
6    Las Vegas, Nevada 89106

7
     **I declare under penalty of perjury that the foregoing is true and correct.**
8
     Signed on <u>March 28, 2011</u>
9

10       <u>Louie M. Adame</u>
                                              Signature of Louie M. Adame
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28