Lenard E. Schwartzer
Nevada Bar No. 0399
Jeanette E. McPherson
Nevada Bar No. 5423
Schwartzer & McPherson Law Firm
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Telephone: (702) 228-7590
Facsimile: (702) 892-0122
E-Mail: bkfilings@s-mlaw.com
*Counsel for Paul Hazell*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>AMERICAN PACIFIC FINANCIAL CORPORATION,<br><br>Debtor. | Case No. BK-10-27855-BAM<br>Chapter 11<br><br>**EX PARTE MOTION TO FILE SUPPLEMENTAL DECLARATION OF PAUL HAZELL IN SUPPORT OF MOTION FOR APPOINTMENT OF TRUSTEE UNDER SEAL**<br><br>Date: N/A<br>Time: N/A |

Paul Hazell ("Hazell"), by and through his undersigned counsel, hereby files this *Ex Parte Motion to File Supplemental Declaration of Paul Hazell In Support of Motion for Appointment of Trustee Under Seal* (the "Motion to File Under Seal"). This Motion to File Under Seal is brought pursuant to sections 107(b) and (c) of title 11 of the United States Code (the "Bankruptcy Code"), Federal Rule of Bankruptcy Procedure 9018, and Local Rule 9018, and does not contain confidential material.

Hazell respectfully moves this Court for permission to file his Supplemental Declaration in support of the Motion for Appointment of Trustee (the "Supplemental Declaration"), under seal pursuant to FRBP 9018.

Hazell requests permission to file these documents under seal pursuant to the Confidentiality Agreement entered into by members of the Official Committee of Creditors in this case.

**BACKGROUND FACTS**

1. American Pacific Financial Corporation (the "Debtor") filed for relief under Chapter 11 of the Bankruptcy Code on September 21, 2010.

2. No Chapter 11 trustee has been appointed in this case and the debtor continues to operate its business as a debtor-in-possession.

3. An unsecured creditor's committee was appointed in this case on November 4, 2010. [*See* Docket Nos. 79 and 80]. Hazell currently serves as a committee member.

4. On March 19, 2011, the Acting United States Trustee filed a *Motion for the Appointment of a Chapter 11 Trustee Pursuant to § 1104(a)(1)* (the "Motion"). [*See* Docket No. 233].

5. Contemporaneously with the Motion, the Acting United States Trustee filed a *Declaration of Paul Hazell* in support of the Motion. [*See* Docket No. 231].

6. Hazell intends to file the Supplemental Declaration to include critical information that was not included in his previously filed Declaration; however, this Supplemental Declaration discloses information that is potentially prohibited from being filed publicly in this case pursuant to the Confidentiality Agreement entered into by the members of the Official Committee of Creditors (the "Committee"). A copy of the Confidentiality Agreement is attached hereto as **Exhibit "A."**

7. The Confidentiality Agreement provides, in relevant part:

> The Receiving Parties, and each of them, agree that they shall not use any Third-Party Confidential Information for any purpose, unless permitted by an order of the Bankruptcy Court or other court order, consent of the affected Debtor Party, or if filed under seal as authorized by Federal Rule of Bankruptcy Procedure 9037(c). Likewise, any and all documents containing Third-Party Confidential Information shall not be filed publicly with the Bankruptcy Court, produced in a deposition, or in any other manner be made a part of any public record, or otherwise used for any purpose whatsoever. . . .

8. The documents that Hazell intends to quote and attach are as follows:

Exhibit 1:    Email from Mr. Pohill dated September 25, 2010, 11:05 a.m.

Exhibit 2:    Email from Anne Loraditch dated November 17, 2010, 7:00 p.m.

Exhibit 3:    Email from Anne Loraditch dated November 19, 2010, 5:34 p.m.

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

1       Exhibit 4:    Report prepared by Craig Greene, CPA, dated January 26, 2011

2       These documents will help the Court understand Hazell's reasons for believing that, pre-petition, the Debtor conducted a Ponzi scheme and that the present members of the Committee have too many conflicts of interest to effectively and loyally represent unsecured creditors.

      9.    On March 31, 2011, counsel for Hazell gave counsel for the Committee and counsel for the Debtor notice of Hazell's intent to file a supplemental declaration in support of the Motion for Appointment of a Trustee and the documents mentioned hereinabove.

## POINTS AND AUTHORITY

Section 107(b) of the Bankruptcy Code provides bankruptcy courts with the power to issue orders that will protect entities from potential harm that may result from the disclosures of certain confidential information. Section 107(b) provides, in relevant part:

> On request of a party in interest, the bankruptcy court shall . . .
>
> (1)    protect an entity with respect to a trade secret or confidential research, development, or commercial information; or
>
> (2)    protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title.

11 U.S.C. §107(b).

Federal Rule of Bankruptcy Procedure 9018 sets forth the procedures for application of section 107. Pursuant to Rule 9018, the Court, on a motion or upon its own initiative, "may make any order which justice requires (a) to protect the estate or any entity in respect of a trade secret or other confidential research, development or commercial information, (b) to protect any entity against scandalous or defamatory matter contained in any paper filed in a case under the Code, or (3) to protect governmental matters that are made confidential by statute or regulation." *See* Fed. R. Bankr. P. 9018.

Although courts recognize a common-law right of access to judicial records and documents, this right is not absolute. See <u>Nixon v. Warner Comm., Inc.</u>, 435 U.S. 589, 597-98 n.8 (1978). "Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." *Id.*

1    In this case, Hazell seeks to file under seal a Supplemental Declaration which contains references to communications and documents that have been designated as "Confidential Information" by agreement of the parties to this matter. Given the nature of the Supplemental Declaration and the confidential information included therein, Hazell submits that adequate cause exists for the entry of an order granting this request to file under seal pursuant to Section 107 and Rule 9018.

## **CONCLUSION**

For the foregoing reasons, Hazell respectfully requests that the Court enter an order granting this Motion to File under Seal and authorizing Hazell to file his Supplemental Declaration of Paul Hazell In Support of Motion for Appointment of Trustee under seal and, preliminarily, limiting distribution of the Declaration and attached exhibits to the Debtor's counsel, the Committee's counsel, counsel for the Office of the United States Trustee and counsel for the Securities and Exchange Commission.

DATED: April 4, 2011

/s/ Lenard E. Schwartzer
Lenard E. Schwartzer, Esq.
Jeanette E. McPherson, Esq.
Schwartzer & McPherson Law Firm
2850 South Jones Blvd., Suite 1
Las Vegas, NV 89146
*Attorneys for Paul Hazell*

# EXHIBIT "A"

# **CONFIDENTIALITY AGREEMENT**

Except as set forth herein, the Official Committee of Creditors (the "Committee") in the chapter 11 bankruptcy cases of *American Pacific Financial Corporation*, Case No. 10-27855-BAM, each Committee member indicated on the signature pages hereto, counsel to the Committee and financial advisors to the Committee (each member, together with the Committee and the Committee's counsel and financial advisors, a "Receiving Party") agrees not to disclose or disseminate any Confidential Information (as defined below) that is provided to a Receiving Party in connection with their involvement with the Committee and/or Committee Business (as defined below), received from American Pacific Financial Corporation, (the "Debtor") or any of the Debtor' affiliates, agents, directors, officers, representatives, attorneys, advisors, affiliates and employees, (specifically, but not limited to, Larry R. Polhill), (collectively, with the Debtor, the "Debtor Parties").

"Confidential Information" shall include all documents, agreements, records, reports, data, forecasts, projections, business plans, interpretations, audit reports, and all other information, written, visual or oral, regardless of how transmitted, concerning the Debtor Parties' overall or individual financial condition or performance, the Debtor Parties' business operations, the valuation of the Debtor and/or its assets, bids or offers to acquire any of the Debtor's assets, the sale of the Debtor's assets, or confidential personal information of third parties, including, without limitation, information subject to redaction as identified in Rule 9037 of the Federal Rules of Bankruptcy Procedure such as social security numbers, tax identification numbers, financial account information, dates of birth and names and identification information of minor children.

Confidential Information also includes information that contains, or is based upon or derived from, information concerning the Debtor that, at the time it is furnished to a Receiving Party, is not available to the general public. Derivations, summaries, and analyses of Confidential Information prepared by or on behalf of any of the Receiving Parties shall be Confidential Information. All Confidential Information provided by the Debtor Parties or any of them to a Receiving Party, whether transmitted in writing, visually or orally, shall be subject to the provisions hereof. Confidential Information shall not include information that (i) becomes available to or known by the public by reason of disclosure to the public by the Debtor Parties or any of them; (ii) was disclosed to a Receiving Party from a source other than the Debtor Parties provided that such source is not known by such Receiving Party after inquiry by such Receiving Party as to whether the source of such information is bound by a confidentiality agreement with or other obligation of confidentiality or secrecy to any of the Debtor Parties with respect to such information; (iv) was disclosed by any of the Debtor Parties to a third party without a duty of confidentiality on the part of the third party; (v) was disclosed by a Receiving Party with the Debtor Parties' prior approval; (vi) is developed by the Receiving Party independent of, or was known to the Receiving Party on a non-confidential basis prior to execution of this Confidentiality Agreement; (vii) was in the possession of a Receiving Party prior to the execution of this Confidentiality Agreement, was obtained on a non-confidential basis and is not subject to any law, rule or regulation requiring the Receiving Party to maintain the confidentiality of such information; (viii) has been filed by a person or entity other than a Receiving Party with any court or administrative agency

DOCS_LA:221585.4

whose records are open to public inspection and was not filed under seal or (ix) Confidential Information determined by a court to be non-confidential.

Confidential Information that is confidential personal information of third parties, including, without limitation, information subject to redaction as identified in Rule 9037 of the Federal Rules of Bankruptcy Procedure such as social security numbers, tax identification numbers, income tax returns, financial account information, dates of birth and names and identification information of minor children ("Third-Party Confidential Information") shall be furnished solely and exclusively to counsel of record to the Committee and the financial advisors to the Committee (collectively, the "Committee Professionals").  However all documents containing Third-Party Confidential Information shall be treated by the Committee Professionals, and each of them, as though the documents were first redacted pursuant to FRCP Rule 5.2.  The Committee Professionals and the Committee members agree that any and all documents containing Third-Party Confidential Information shall not be disclosed to the Committee or its individual members unless and until all Third-Party Confidential Information has been redacted by the Committee Professionals.  The Receiving Parties, and each of them, agree that they shall not use any Third-Party Confidential Information for any purpose, unless permitted by an order of the Bankruptcy Court or other court order, consent of the affected Debtor Party, or if filed under seal as authorized by Federal Rule of Bankruptcy Procedure 9037(c).  Likewise, any and all documents containing Third-Party Confidential Information shall not be filed publicly with the Bankruptcy Court, produced in a deposition, or in any other manner be made a part of any public record, or otherwise used for any purpose whatsoever, without the Third-Party Confidential Information having been first redacted by the Committee Professionals. Further, after all Third-Party Confidential Information has been redacted from a document, if the document contains other Confidential Information, the Receiving Parties agree that the document shall remain subject to the provisions of this Confidentiality Agreement.

In the event of any question or doubt by the Receiving Parties as to whether any information constitutes Confidential Information, the Receiving Parties, and each of them, agree that they will notify the Debtor before any such information is disclosed or used in any manner, other than filing with the Court under seal, with sufficient time to allow Debtor to seek and obtain a protective order preventing such disclosure.  The information which is the subject of such a dispute shall be treated as Confidential Information pending a judicial determination, in accordance with the terms and provisions hereof, of any such dispute and thereafter if any of the Debtor Parties shall appeal and obtain a stay of any decision adverse to the Debtor Parties.

The Receiving Parties agree that they will (i) use Confidential Information solely in fulfillment of their rights, duties and obligations as the Committee or as a member of the Committee, including, but not limited to, deliberations on issues coming before the Committee ("Committee Business") and for no other purpose whatsoever, including, without limitation, any purpose relating to the individual interests of any individual Receiving Party (as opposed to Committee Business) or such other purposes as investing in, engaging in or encouraging businesses in competition with the Debtor, and (ii) take all reasonable steps necessary or appropriate to keeping full and complete confidence any Confidential Information received by them; provided, however, that the foregoing shall not be deemed to in any way impair or limit a Receiving Party's ability to sell or assign all or any portion of a claim it holds against any of the Debtor subject to compliance with otherwise applicable law, if any.

Except as otherwise stated herein, any Receiving Party may only disclose Confidential Information, other than Third-Party Confidential Information, to the following persons who are not Committee members (and only in connection with Committee Business): (i) regulatory authorities including bank auditors and bank examiners; (ii) any other person to whom the Debtor consent in writing (subject to the terms and conditions of such consent); (iii) the Committee and/or a Committee member's directors, officers, attorneys and employees (collectively, "Committee Representatives"); and (iv) any person or entity whom a court of competent jurisdiction determines, after an opportunity for the Debtor to be heard, may have access to the Confidential Information. Prior to the disclosure of any Confidential Information to any Committee Representative, absent a court order to the contrary, the Receiving Party must first inform such Committee Representative of the confidential nature of the Confidential Information and the provisions of this Confidentiality Agreement. A Receiving Party shall be responsible for the actions of the Committee Representatives in violation of the terms and provisions of this Confidentiality Agreement.

Any Receiving Party who ceases to be involved in Committee Business shall continue to be bound by the provisions hereof with respect to Confidential Information disclosed to such Receiving Party prior to the date of such cessation. Any Confidential Information retained by any Receiving Party for any purpose shall continue to be subject to the provisions hereof.

Each Receiving Party and all other parties who may acquire access to Confidential Information pursuant to this Confidentiality Agreement shall use the same standard of care, which shall under no circumstances be less than a reasonable standard of care, in maintaining the confidentiality of the Confidential Information disclosed by the Debtor Parties, which such parties use in maintaining the confidentiality of their own confidential information or similar nature.

Subject to the provisions of applicable law, if any Receiving Party at any time seeks to introduce any Confidential Information into evidence in a court of law, proceeding or otherwise, or to otherwise disclose any Confidential Information in connection with or in the course of any litigation matter or proceeding, the Receiving Party shall (i) provide two days prior written notice of intent to the Debtor Party, the Debtor and the Debtor's bankjruptcy counsel via email and letter;m(ii) file documents containing Confidential/Privileged Information with the court under seal, and (iii) provide contemporaneous notice of the filing to the Debtor Party, the Debtor and the Debtor's bankruptcy counsel. The Debtor Party shall bear the burden of proof that the information is confidential/privileged and should remain filed under seal. If the Debtor Party does not seek to maintain the records filed under seal within ten calendar days of service of the notice of the sealed filing as required herein, or if the court denies the Debtor Party's motion to maintain the records under seal, any party of interest may file a notice of proposed order. After ten calendar days after filing the notice, provided no objection is filed as required herein, the party in interest may submit the proposed order to the Court to direct the clerk to unseal the filings. If the Debtor Parties do not obtain an order from the relevant court limiting the disclosure of the Confidential Information set forth in the Filing Notice then there shall not be any restriction on the use of such Confidential Information by the Receiving Party.

Nothing in this Confidentiality Agreement shall preclude the Receiving Party from taking, and the Debtor Parties from opposing, any action to obtain information relating to the Debtor Parties pursuant to applicable law.

Nothing in this Confidentiality Agreement shall preclude the Committee from performing its statutory duties pursuant to Bankruptcy Code section 1103.

In the event that a Receiving Party is legally required based upon the advice of counsel (by oral questions, interrogatories, formal legal requests for information or documents in legal proceedings or by subpoena, civil investigative demand or other similar process) to disclose any of the Confidential Information in circumstances not authorized by this Confidentiality Agreement, such Receiving Party must provide the Debtor and the Debtor's bankruptcy counsel with prompt prior written notice, via email and fax, of its intention to disclose any Confidential Information, which notice must be received by the Debtor not less than ten (10) business days prior to such disclosure (unless, after providing the Debtor with prompt prior written notice, the Receiving Party is otherwise legally compelled (by subpoena, civil investigative demand or similar process) to disclose the Confidential Information before the expiration of ten (10) business days), so that the Debtor may seek a protective order.  Each of the Receiving Parties agrees that a protective order may be sought and obtained by the Debtor pursuant to this Confidentiality Agreement on *ex parte* basis.  If Debtor has not sought a protective order or other remedy by the time compliance is required by law with such disclosure requests, the Receiving Party may comply with such requests; *provided, however,* that it use all reasonable efforts to disclose only such limited portion of the Confidential Information as is covered by such request.

This Confidentiality Agreement shall be governed by, and construed in accordance with, the laws of the State of Nevada, without regard to any principles of conflict of laws.

Each Receiving Party hereby: (a) irrevocably and unconditionally agrees that the Bankruptcy Court shall have exclusive jurisdiction with respect to any issues, actions, suits, or proceedings arising out of or relating to this Confidentiality Agreement or any Confidential Information during such time as the Debtor shall be subject to the jurisdiction of the Bankruptcy Court; and (b) irrevocably and unconditionally waives any objection to the laying of venue in the Bankruptcy Court with respect to any action, suit or proceeding arising out of this Confidentiality Agreement during such time.

Further, each Receiving Party hereby (a) irrevocably and unconditionally consents to submit to the exclusive jurisdiction of the Courts of the State of Nevada and the United States of America for any actions, suits or proceedings arising out of or relating to this Confidentiality Agreement or any Confidential Information during such time as the Debtor are no longer subject to the jurisdiction of the Bankruptcy Court, (b) irrevocably and unconditionally waives any objection to the laying of venue in the Court of the State of Nevada and the United States of America with respect to any action, suit or proceeding arising out of this Confidentiality Agreement during such time, and (c) irrevocably and unconditionally waives and agrees not to plead or claim in such court that any such action, suit or proceeding brought in any such court has been brought in an inconvenient forum.

The Receiving Parties further agree that any service of any process, summons, notice or document sent by U.S. registered mail to a Receiving Party's address set forth below its signature block below shall be effective service of process for any action, suit or proceeding brought against such Receiving Party in any such court.

This Confidentiality Agreement shall inure to the benefit of any successor in interest to the Debtor Parties, as well as of any person that may acquire, after the date hereof, any subsidiary or division of the Debtor Parties with respect to Confidential Information concerning the business or affairs of such subsidiary or division.

Each Receiving Party hereby acknowledges and agrees that in the event of any breach of this Confidentiality Agreement, the Debtor and other Debtor Parties might be irreparably and immediately harmed and might not be made whole by monetary damages. It is accordingly agreed that the Debtor Parties, in addition to any other remedy to which it may be entitled in law or equity, shall be entitled to seek an injunction or injunctions to prevent breaches of this Confidentiality Agreement and to compel specific performance of this Confidentiality Agreement, without the need for proof of actual damages. Each Receiving Party hereby waives, and agrees to cause all of its respective Committee Representatives to waive any requirement for the securing or posting of any bond in connection with such remedy. In the event there is litigation or proceeding alleging that this Confidentiality Agreement has been breached by any Receiving Party and/or by any of such Receiving Party's Committee Representatives, then the prevailing party may seek recovery for costs and expenses (including, without limitation, legal fees and expenses) incurred in connection with such litigation or proceeding.

The Receiving Parties agree that no failure or delay by the Debtor Parties in exercising any right, power or privilege hereunder shall operate as a waiver of such right, power or privilege, nor shall any single or partial exercise preclude any further exercise of any right, power or privilege hereunder.

This Confidentiality Agreement may be executed in counterparts, each of which shall be deemed to be an original, and all of such counterparts taken together shall be deemed to constitute one and the same instrument. The parties agree that facsimile or electronically scanned signatures shall be accepted as originals for all purposes under this Confidentiality Agreement.

This Confidentiality Agreement shall be binding upon and inure to the benefit of the Receiving Parties and their respective successors and assigns.

If any provision of this Confidentiality Agreement shall be determined to be invalid, illegal, or unenforceable, the validity, legality and enforceability of the remaining provisions of the Confidentiality Agreement shall not be affected or impaired thereby.

Each Receiving Party agrees that this Confidentiality Agreement shall not be amended, directly or indirectly, in any way by the Committee, the undersigned Receiving Parties and/or its/their successors without the Debtor' prior written consent. The Receiving Parties agree that the Debtor Parties are the intended and primary beneficiaries of this Confidentiality Agreement.

Dated this ___ day of December, 2010.

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS**
**OF AMERICAN PACIFIC FINANCIAL CORPORATION**

By _____
    Thomas Davis, Its Chairperson

Address:  4646 Brockton Avenue, Ste 201
             Riverside, CA 92506
             (951) 774-2912

**COMMITTEE COUNSEL:**

**ARMSTRONG TEASDALE LLP**

By:_____      By:_____
    Janet Chubb                                       Louis Bubala

Address:  50 West Liberty, #950
             Reno, NV 89501
             (775) 322-7400

**COMMITTEE FINANCIAL ADVISOR:**

**McGOVERN & GREENE, LLP**

By:_____
    Craig L. Greene
     Its: Founding Partner

Address:  2831 St. Rose Parkway, Ste 285
             Henderson, NV 89052
             (702) 818-1168

**[SIGNATURES CONTINUED ON NEXT PAGE]**

**[SIGNATURES CONTINUED FROM PREVIOUS PAGE]**
**COMMITTEE MEMBERS:**

By:_____
    Paul Hazell
Address:  Miraleste Equitpies, LLC
             55 Pheasant Ridge Dr.
             Henderson, NV 89014
             (949) 510-9801

By: _____
    Joseph C. McCoy
Address:  4657 Braemar Pl., Unite 221
             Riverside, CA 92501
             (951) 836-3881

By:_____
    Rosemary Nguyen
Address:  Orchid Management Company, LLC
             7602 E. Santiago Cyn Rd.
             Orange, CA 92869
             (714) 308-7234

By:_____
    Raj K. Sindher
Address:  2339 Old Bridge Road
             Riverside, CA 92506
             (951) 774-2870

By:_____
    David Sladek
Address:  1330 Mark Twain Lane
             Steamboat Springs, CO 80487
             (970) 871-4700

By:_____
    Nick Testa
Address:  c/o 1363 E. Grand Ave.
             Pomona, CA 91766
             (909) 623-6944

By:_____
    Jerome F. Wall
Address:  4444 Magnolia
             Riverside, CA 92501
             (951) 274-3425