LOUIS M. BUBALA III, ESQ.
State Bar No. 8974
ARMSTRONG TEASDALE LLP
50 W. Liberty Street, Suite 950
Reno, NV 89501
Telephone: 775-322-7400
Facsimile: 775-322-9049
Email: lbubala@armstrongteasdale.com
  and bsalinas@armstrongteasdale.com

Counsel for
Official Committee of Unsecured Creditors

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re: | Case No.: BK-S-10-27855-BAM |
| AMERICAN PACIFIC FINANCIAL CORPORATION, | Chapter 11 |
| Debtor. | **RESPONSE OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO EX PARTE MOTION TO FILE SUPPLEMENTAL DECLARATION OF PAUL HAZELL IN SUPPORT OF MOTION FOR APPOINTMENT OF TRUSTEE UNDER SEAL** |
| | Hearing Date: N/A<br>Hearing Time: N/A |

The Official Committee of Unsecured Creditors (the "Committee") agrees that if the documents identified by Mr. Hazell are to be filed, they must be filed under seal pursuant to Federal Rule of Bankruptcy Procedure 9018. However, the Committee opposes the filing of any documents by Mr. Hazell (Ct. Dkt. #255) on the grounds that (1) the documents are privileged, and (2) Mr. Hazell is not authorized to individually waive the privilege as a committee member, or individually exercise the provisions of the confidentiality agreement provided by the Committee. His unilateral attempt to utilize the work product of the committee's professionals should not be permitted, as it undercuts the efforts of the committee as a whole to evaluate and respond to the debtor's proposals. The Committee asserts privileges over each of these records sought to be filed by the Debtor and has not waived said privileges. To the extent necessary, the Committee cross moves for a temporary

1  restraining order to prohibit Mr. Hazell from disclosing these records. Fed. R. Bankr. P. 7065, inc.
2  by ref. Fed. R. Civ. P. 65(b).
3        Mr. Hazell is a member of the Committee (Ct. Dkt. #80). As such, he has received copies of
4  communications and reports from the committee's counsel and accountant. Mr. Hazell also is the
5  only member of the committee to independently appear in this case, having been represented at
6  different times by Kelly Brinkman, Philip Gerson, and Lenard Schwartzer. See, respectively, Ct.
7  Dkt. #102, Ct. Dkt. #170 & 215, and **Exhibit 1**.
8        Mr. Hazell also submitted a declaration in support of the U.S. Trustee's motion to appoint a
9  trustee (Ct. Dkt. #s 231, 233). Mr. Hazell independently in providing the declaration. The
10 Committee did not have advance notice of the filing of his declaration. Mr. Hazell's current motion
11 to file additional documents also is done independently of his role as a committee member.
12 Undersigned counsel attests that Mr. Hazell did not seek Committee authorization to file the
13 Committee's records identified in his ex parte motion, and that the Committee has neither authorized
14 the filing of these records nor waived any privilege.
15       To be sure, as evidenced as the draft of the confidentiality agreement attached to the ex parte
16 motion, does not authorize individual members of the Committee to personally utilize information
17 acquired under the confidentiality agreement. Yet Mr. Hazell is attempting to do so with his
18 proposed filing of the accountant's report. Mr. Hazell's proposal is particularly troubling to the
19 Committee, as Debtor is now challenging the Committee's compliance with the Confidentiality
20 Agreement. The Committee does not agree with the Debtor's assertions, but Mr. Hazell's unilateral
21 attempt to utilize the report for his own agenda is creating additional unnecessary work for the
22 Committee to protect its work product. Mr. Hazell should not be allowed to hijack the work product
23 and use it for what he perceives as his own benefit.
24       Additionally, the Committee strongly disagrees with Mr. Hazell's assertions that the
25 Committee has conflicting interests. Mr. Hazell has repeatedly raised these issues with the
26 Committee and the Office of the U.S. Trustee, and individual committee members have identified
27 these issues to the Office of the U.S. Trustee. Yet to date, the U.S. Trustee has not sought to remove
28 any members from the committee, but instead has determined that the issues alleged by Mr. Hazell

do not prohibit the individual members to sit on the committee.

The Committee now addresses the four records that Mr. Hazell seeks to file:

**1. An email exchange between Mr. Hazell and Larry Polhill, the Debtor's principal.**

The Committee does not assert a privilege over this communication. It states it is dated September 25, 2010, and it occurred before the appointment of the committee on November 4, 2010 (Ct. Dkt. #79). It cannot be a communication made between the debtor and the committee; furthermore, it is not an attorney-client communication.

**2. An email to the Committee members from Anne Loradich, Esq., with Fox Rothschild LLP, the Committee's original counsel.**

Although the law firm of Fox Rothschild was never formally retained as a professional to represent the Committee, the Committee did consult with the law firm and originally sought to retain the firm. Thus, the committee constitutes a client entitled to assert the attorney-client privilege under NRS 49.045, 49.095, 49.105(1). The privilege requires that the communication be "Made for the purpose of facilitating the rendition of professional legal services to the client, by the client or the client's lawyer to a lawyer representing another in a matter of common interest." NRS 49.095(3). The Committee has reviewed the email proposed to be submitted and believes it falls within the attorney-client privilege as Ms. Loradich's summary of issues for the Committee's consideration in determining its course of action in the bankruptcy case. Alternatively, to the extent the email constitutes a factual summary, the Committee asserts the communication is protected by the work-product doctrine as Ms. Loradich's notes provided to the Committee. *E.g., Means v. State*, 120 Nev. 1001, ____, 103 P.3d 25, 30 (2004).

**3. An email to the Committee members from Anne Loradich, Esq., with Fox Rothschild LLP.**

The Committee also asserts that this email is protected by the attorney-client privilege, the work-product doctrine, or both. The Committee has reviewed the email proposed to be submitted, and Ms. Loradich provides the Committee with legal advice about the attorney-client privilege.

**4. A report prepared for the Committee by its accountant, McGovern & Greene LLP.**

The Court approved the employment of McGovern & Greene LLP as accountants for the

Committee (Ct. Dkt. #163). Craig Greene, a founding partner of the accounting firm and the accountant assigned to the Committee, has been licensed as a certified public accountant by the State of Nevada since 2008 (and by the State of Illinois since 1979) (Ct. Dkt. #150, Decl. of C. Greene). Mr. Greene met with Mr. Polhill, reviewed records from Debtor and Mr. Polhill, and conducted his own independent research regarding Debtor. Mr. Greene then prepared a report for the Committee's consideration, with a discussion of his factual research and accounting evaluations about the Debtor.

Mr. Hazell, as a member of the Committee, received a copy of that report. He now seeks to introduce that report in this case. The Committee asserts the accountant-client privilege and the attorney-client privilege over this report, and the Committee has not waived either privilege. To the extent necessary, Committee moves for a temporary restraining order to prevent Mr. Hazell from filing the report with the Court or otherwise disclosing it without the Committee's consent.

The Committee recognizes that under Federal Rule of Evidence 501, there are limitations on the application of a state-law accountant-client privilege. *E.g., United States v. Arthur Young & Co.*, 465 U.S. 805, 817-18 (1984). However, in the bankruptcy context, court generally have declined to apply the accountant-client privilege when the <u>debtor</u> is seeking to shield its financial records. *See In re International Horizons, Inc.*, 689 F.2d 996 (11th Cir. 1982); *Peat, Marwick v. Creditor's Cte.*, 65 B.R. 886 (N.D.N.Y. 1986); *In re Oxford Royal Mushroom Products, Inc.*, 41 B.R. 863 (Bankr. E.D. Pa. 1984); *In re GHR Cos.*, 41 B.R. 655 (Bankr. D. Mass. 1984); *In re Mori*, 1 B.R. 265 (Bankr. S.D. Fla. 1979).

However, the Committee asserts that the facts at hand warrant the application of the state-law privilege to prevent disclosure of the accountant's report. In this instance, it is not the debtor seeking to shield his own financials. It is a privilege asserted by the Creditor Committee, which has worked diligently to determine the best way to maximize any potential return for creditors in this case. As part of that process, it has reviewed financial records concerning the debtor and its principal, subject to Court's order limiting access to the records reviewed by the Committee (Ct. Dkt. #164) and the confidentiality agreement (required by Debtor under the order), a draft of which is attached by Mr. Hazell to his ex parte motion. The Committee requests that Court apply the accountant-client privilege to prevent the disclosure of its accountant report by Mr. Hazell, without the Committee's

1  waiver of the privilege. To allow its introduction otherwise would undermine the investigative and
2  evaluation functions necessarily performed by creditor committees.
3        The Committee satisfies the requirements to invoke the accountant-client privilege under
4  NRS Chapter 49:

> A client has a privilege to refuse to disclose, and to prevent any other person from disclosing, confidential communications:
>
> 1. Between the client or the client's representative and the client's accountant or the representative of the client's accountant.
>
> 2. Between the client's accountant and the accountant's representative.
>
> 3. Made for the purpose of facilitating the rendition of professional accounting services to the client, by the client or the client's accountant to an accountant representing another in a matter of common interest

NRS 49.185. The statutes further state that "A communication is 'confidential' if it is not intended to be disclosed to third persons other than those to whom disclosure is in furtherance of the rendition of professional accounting services to the client or those reasonably necessary for the transmission of the communication." NRS 49.155. The privilege may be asserted by the client, NRS 49.195(1), which includes an "association or other organization or entity, either public or private, who is rendered professional accounting services by an accountant." NRS 49.145.

      The Committee satisfies all the requirements to invoke the accountant-client privilege to preclude the disclosure of its accountant's report by Mr. Hazell. The Committee is a client eligible to employ an accountant, and the accountant is employed to render professional accountant services in evaluating the debtor's financial records. These facts are evidenced by the Committee's application to employ McGovern & Greene (Ct. Dkt. #146). Therefore, Mr. Greene's report falls within the accountant-client privilege under NRS Chapter 49.

      Alternatively, the Committee requests that Mr. Greene's report be determined to be privileged under the attorney-client privilege. Courts have recognized that the attorney-client privilege "can extend to accountants when the accountant's role is to clarify communications between an attorney and a client." *Accord Silverman v. Hidden Villa Ranch (In re Suprema Specialties, Inc.)*, Case No. 04-01078 (JMP), 2007 WL 1964852, *4 (Bankr. S.D.N.Y. July 2, 2007), *citing, e.g., United States v. Kovel*, 296 F.2d 918, 924 (2d Cir. 1961), and *United States v. Akert*, 169 F.3d 136, 139 (2d Cir.

1999). Given that Debtor effectively was just a holding company for investments and loans to other businesses, all funded by the unsecured creditors in this case, it was critically necessary for the Committee to retain an accountant to assist it and Committee counsel evaluate Debtor's financial records and proposals for reorganization in this case. Without the accountant's intimate work with counsel, the Committee would not have been able to make education decisions about the matters in this case. Therefore, the Committee requests the Court find that the accountant's report is subject to the attorney-client privilege and/or the work product doctrine.

Finally, the Committee does not believe that an individual member of the committee may waive the privilege. Other courts have held that an individual may not waive an institutional conflict of interest. *In re Grand Jury Investigation*, 447 F. Supp.2d 453, 462 (E.D. Pa. 2006). The Committee believes there are similar decisions preventing an individual member of a committee from waiving a committee's privilege, although it immediately identify them in order to respond to this ex parte motion.

Dated this 4th day of April, 20101			ARMSTRONG TEASDALE LLP

By:   /s/ Louis M. Bubala III
        Louis M. Bubala III

Counsel for The Official Committee of Unsecured Creditors