LOUIS M. BUBALA III, ESQ.
State Bar No. 8974
ARMSTRONG TEASDALE LLP
50 W. Liberty Street, Suite 950
Reno, NV 89501
Telephone: 775-322-7400
Facsimile: 775-322-9049
Email: lbubala@armstrongteasdale.com
  and bsalinas@armstrongteasdale.com

Counsel for
Official Committee of Unsecured Creditors

ELECRONICALLY FILED ON
August 27, 2011

## UNITED STATES BANKRUPTCY COURT

### DISTRICT OF NEVADA

In re:

AMERICAN PACIFIC FINANCIAL CORPORATION,

Debtor.

Case No.: BK-S-10-27855-BAM

Chapter 11

**OPPOSITION OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO TRUSTEE'S MOTION FOR ORDER AUTHORIZING RULE 2004 EXAMINATION OF ACCOUNTANT CRAIG L. GREENE, WITH CERTIFICATE OF SERVICE**

Hearing Date:  September 6, 2011
Hearing Time:  11:00 a.m.

The Committee opposes the trustee's motion for an order authorizing a Rule 2004 examination of the Committee's accountant, Craig L. Greene (Ct. Dkt. #368, filed Aug. 12, 2011; Trustee's Decl., Ct. Dkt. #369).  The trustee also seeks authority to "review [Mr. Greene's] report, Mr. Greene's work papers, the documents Mr. Green was provided so he could prepare his report, and other relevant documents" specified in the motion (Ct. Dkt. #368 at 2:25-26).  The Committee does not object to production of papers or communications provided by Debtor or Mr. Polhill.  But it does object to the disclosure of Mr. Greene's papers and report, as well as his impressions.

### INTRODUCTION

The Trustee misstates the Committee's objection to the request for Mr. Greene's report.  The Trustee states that the report has not been provided because it is subject to a confidentiality agreement.  While there is a confidentiality agreement, the Committee declines to provide it because

it is privileged. The Committee repeatedly has asserted the privilege in response to requests from the Trustee. The Trustee has failed to recognize the privilege, responding that he is willing to enter into a confidentiality agreement or protective order to obtain the report. The Committee has replied each time that the proposal is not acceptable because such disclosure may waive the privilege.

The Committee has preserved the privilege, declining to provide the report to Debtor, Mr. Polhill or anyone else. The Committee also asserted the privilege in response to an investigative subpoena issued by the U.S. Securities and Exchange Commission. The Committee will not now waive the privilege in response to a subpoena from the Trustee seeking Mr. Greene's reports or his evaluations. Of course, the Committee will comply with a final order for the report or Mr. Greene's testimony. But absent an order, the Committee will not waive the privilege.

Although the Committee may preserve the privilege for any reason, the Committee also is unwilling to do so because of suggestions of litigation by Debtor and/or Mr. Polhill. The Committee has been advised that if the report contains financial information about Mr. Polhill, the Committee may be in breach of the confidentiality agreement. The Committee denies any such breach. Still, the Committee will not voluntarily release the report and potentially subject itself to contested litigation.

Finally, the discovery of Mr. Greene's report and thoughts are inappropriate under Rule 7026. The Trustee is just as capable of assessing Debtor's records and statements, either on his own since he is a certified public accountant and experienced trustee in commercial bankruptcies, or with a retained accountant. Trustee's counsel has advised that he and the Trustee reviewed Debtor's records and interviewed Mr. Polhill and his assistant, Marilyn Donegan; they also have advised that they have left Debtor's records in Debtor's possession. The Trustee is making his own independent evaluation of Debtor. He does not need access to the work and thoughts of the Committee's accountant, potentially invalidating the Committee's privileges against state law claims.

## DISCUSSION AND ANALYSIS

**A. Mr. Greene's report, work papers and thoughts are privileged and not subject to discovery**

The Court approved the employment of McGovern & Greene LLP as accountants for the Committee (Ct. Dkt. #163). Craig Greene, a founding partner of the accounting firm and the accountant assigned to the Committee, has been licensed as a certified public accountant by the State

of Nevada since 2008 (and by the State of Illinois since 1979) (Ct. Dkt. #150, Decl. of C. Greene). Mr. Greene met with Mr. Polhill, reviewed records from Debtor and Mr. Polhill, and conducted his own independent research regarding Debtor. Mr. Greene then prepared a report for the Committee's consideration, with a discussion of his factual research and evaluations about the Debtor.

The Committee asserts the accountant-client privilege and the attorney-client privilege over the report and Mr. Greene's testimony. The arguments elaborate on the Committee's opposition to Paul Hazell's motion to file the report under seal with the court (Ct. Dkt. #256, filed April 4, 2011).

The Federal Rules of Bankruptcy Procedure prohibit discovery of privileged matters: "Parties may obtain discovery regarding any nonprivileged matter." Fed. R. Civ. P. 26(b)(1)), *inc. by ref. by* Fed. R. Bankr. P. 9014(c), 7026. "The privilege operates to prevent the disclosure itself." *In re Lott*, 424 F.3d 446, 451-52 (6th Cir. 2005). As the California Court of Appeals held, "The privilege is not vitiated by the fact that its exercise may occasionally suppress relevant evidence. … [T]he search of truth must sometimes give way to the purposes of the privilege." *Venture Law Group v. Superior Court*, 118 Cal. App. 4th 96, 105 (Cal. Ct. App. 2004) (quotation omitted).

**1. The accountant-client privilege should be applied in these circumstances**

The Committee recognizes that under Federal Rule of Evidence 501, there are limitations on the application of a state-law accountant-client privilege. *Couch v. United States*, 409 U.S. 322, 335 (1973); *United States v. Arthur Young & Co.*, 465 U.S. 805, 817-18 (1984). However, in the bankruptcy context, courts generally have declined to apply the accountant-client privilege when debtor seeks to shield financial records. *See In re International Horizons, Inc.*, 689 F.2d 996 (11th Cir. 1982); *Peat, Marwick v. Creditor's Cte.*, 65 B.R. 886 (N.D.N.Y. 1986); *In re Oxford Royal Mushroom Prod., Inc.,* 41 B.R. 863 (Bankr. E.D. Pa. 1984); *In re GHR Cos.*, 41 B.R. 655 (Bankr. D. Mass. 1984); *In re Mori*, 1 B.R. 265 (Bankr. S.D. Fla. 1979).

The facts at hand warrant the application of the state-law privilege to prevent disclosure of the accountant's report. In this instance, it is not the debtor seeking to shield his own financials. It is a privilege asserted by the Committee, which has worked diligently to determine the best way to maximize any potential return for creditors in this case. As part of that process, it reviewed financial records concerning the debtor and its principal, subject to Court's order limiting access to the records

reviewed by the Committee (Ct. Dkt. #164) and the confidentiality agreement (required by Debtor under the order), a draft of which is attached by Mr. Hazell to his prior motion (Ct. Dkt. #255). The Committee asserts the accountant-client privilege to prevent the disclosure of its accountant report. To allow its introduction otherwise would undermine the investigative and evaluation functions necessarily performed by creditor committees.

The Committee satisfies the requirements to invoke the accountant-client privilege under Chapter 49 of the Nevada Revised Statutes:

> A client has a privilege to refuse to disclose, and to prevent any other person from disclosing, confidential communications:
>
> 1. Between the client or the client's representative and the client's accountant or the representative of the client's accountant.
>
> 2. Between the client's accountant and the accountant's representative.
>
> 3. Made for the purpose of facilitating the rendition of professional accounting services to the client, by the client or the client's accountant to an accountant representing another in a matter of common interest

NRS 49.185. The statutes further state that "A communication is 'confidential' if it is not intended to be disclosed to third persons other than those to whom disclosure is in furtherance of the rendition of professional accounting services to the client or those reasonably necessary for the transmission of the communication." NRS 49.155. The privilege may be asserted by the client, NRS 49.195(1), which includes an "association or other organization or entity, either public or private, who is rendered professional accounting services by an accountant." NRS 49.145.

The Committee satisfies all the requirements to invoke the accountant-client privilege to preclude the disclosure of its accountant's report by Mr. Hazell. The Committee is a client eligible to employ an accountant, and the accountant is employed to render professional accountant services in evaluating the debtor's financial records. These facts are evidenced by the Committee's application to employ McGovern & Greene (Ct. Dkt. #146). Therefore, Mr. Greene's report falls within the accountant-client privilege under NRS Chapter 49.

**2. The attorney-client privilege should be applied in these circumstances**

Alternatively, the Committee requests that Mr. Greene's report be determined to be privileged under the attorney-client privilege. Courts have recognized that the attorney-client privilege "can

extend to accountants when the accountant's role is to clarify communications between an attorney and a client." *Silverman v. Hidden Villa Ranch (In re Suprema Specialties, Inc.)*, Case No. 04-01078 (JMP), 2007 WL 1964852, *4 (Bankr. S.D.N.Y. July 2, 2007) (Peck, J.), *citing, e.g., United States v. Kovel*, 296 F.2d 918, 924 (2d Cir. 1961), and *United States v. Akert*, 169 F.3d 136, 139 (2d Cir. 1999). Judge Clark adopted Judge Peck's opinion and held that that the attorney-client privilege can cover the work performed by an accountant hired directly by a debtor in the bankruptcy case. *Osherow v. Vann (In re Hardwood P-G, Inc.)*, 403 B.R. 445, 457-59 (Bankr. W.D. Tex. 2009). The concept has been applied within the Ninth Circuit. *United States v. ChevronTexaco Corp.*, 241 F. Supp.2d 1065, 1071-72 (N.D. Cal. 2002).

Given that Debtor effectively was just a holding company for investments and loans to other businesses, all funded by the unsecured creditors in this case, it was critically necessary for the Committee to retain an accountant to assist it and Committee counsel evaluate Debtor's financial records and proposals for reorganization in this case. Without the accountant's intimate work with counsel, the Committee would not have been able to make educated decisions about the matters in this case. The Committee determined that it must employ an accountant to interpret the financial details of Debtor's records and proposals before the Committee could respond to the legal matters raised in the bankruptcy case. Therefore, the Committee requests the Court find that the accountant's report is subject to the attorney-client privilege.

**3. The Committee has preserved the privilege**

The Committee has never authorized the distribution of Mr. Greene's report or waived the privilege to permit its distribution. *See* Decl. of Committee Chairman Thomas L. Davis III, filed contemporaneously. The Committee asserted the privilege as part of its objection to an investigative subpoena issued by the U.S. Securities and Exchange Commission. Ex. 1, 6/3/11 Bubala-Blau Ltr.

Notwithstanding the Committee's privilege and its refusal to waive it, the Committee is aware of two instances when the report was transmitted outside of its control. First, the report was anonymously mailed to the U.S. Securities and Exchange Commission. SEC counsel Marc Blau and Sarah Moyed contacted undersigned counsel upon receipt of the report; they stated they had not reviewed it and mailed it to undersigned counsel. This situation was discussed in the Committee's

1 objection to the SEC's subpoena for the report. Ex. 1 at 2, ¶ 5. The Committee has not determined who mailed the report to the SEC.

The second instance occurred after the Court authorized Committee member Paul Hazell to file the report and other papers under seal. Debtor's counsel Kaaran Thomas requested the sealed papers from Mr. Hazell's counsel, Lenard Schwartzer. Mr. Schwartzer's office provided all of the sealed documents to Ms. Thomas, including Mr. Greene's report. Undersigned counsel was not aware of the request or transmittal until advised of them by Ms. Thomas on August 11, 2011. Ms. Thomas also stated that she has not reviewed the report.

These unauthorized transmittals of the report do not destroy the Committee's privilege. When an entity holds the privilege, the privilege can be waived only by the entity's management. The unauthorized disclosure of privilege material by individuals does not constitute a waiver of the privilege. The Ninth Circuit adopted that position when it held that a former employee "lacked authority to waive the corporation's attorney-client privilege." *United States v. Chen*, 99 F.3d 1495, 1502 (9th Cir. 1996). The Circuit applied the U.S. Supreme Court's holding that "[T]he power to waive the corporate attorney-client privilege rests with the corporation's management and is normally exercised by its officers and directors." *Id., quoting CFTC v. Weintraub*, 471 U.S. 343, 348 (1985). The Circuit also recognized that "An employee must generally keep an employer's confidences." *Id., citing Restatement (Second) of Agency* § 395 (1958). Therefore, when corporation management did not authorize the disclosure of privilege materials, the individual "could not and did not waive the privilege" held by the corporation. *Id.* The Circuit's holding is consistent with California law, holding that those "in their individual capacities as directors, officers, and majority shareholders" are not clients of an attorney retained by an entity, and thus cannot waive the entity's privilege. *Venture Law Group v. Superior Court*, 118 Cal. App. 4th 96, 105 (Cal. Ct. App. 2004).

The Circuit's rationale in *Chen* has been applied in the district and around the country. *See, e.g., Montgomery v. eTreppid Techs., LLC*, 548 F. Supp.2d 1175 (D. Nev. 2008) (Cooke, M.J.) (holding former member not entitled to assert corporate privilege); *Kelly v. CSE Safeguard Ins. Co.*, Case No. 2:08-cv-KJD-RJJ, 2011 WL 3494235, *3 (D. Nev. Aug. 10, 2011) (Johnston, M.J.) (agent of corporation may not waive privilege by disclosure); *see also, e.g., Sprague v. Thorn Americas,*

*Inc.*, 129 F.3d 1355, 1371 (10th Cir. 1997) (citing *Chen*); *Cell Therapeutics, Inc. v. Lash Group, Inc.*, Case No. C07-0310JLR, 2011 WL 1930603, *2 (W.D. Wash. May 18, 2011) (citing *Chen*); *Milroy v. Hanson*, 875 F. Supp. 646, 648-50 (D. Neb. 1995) (holding the dissident director could not frustrate majority decision of management regarding corporate attorney client privilege) (citing cases); *In re O.P.M. Leasing Servs., Inc.*, 13 B.R. 54, 57 (Bankr. S.D.N.Y. 1981), *aff'd*, 13 B.R. 64 (S.D.N.Y. 1981); *Lane v. Sharp Packaging Sys., Inc.*, 640 N.W.2d 788, 802-03 (Wisc. 2002).

Given that the Committee has not authorized the distribution of the report or the waiver of the privilege, the privilege is preserved notwithstanding these two incidents.

**B.  Mr. Greene's report, work papers and thoughts are protected under Rule 7026**

Federal Rule of Bankruptcy Procedure 7026 provides a range of protections to prevent production of Mr. Greene's work papers, report and thoughts.

--The court "must limit" discovery if it "is unreasonably cumulative or duplicative"; it "can be obtained from some other source that is more convenient, less burdensome, or less expensive"; if the movant "has had ample opportunity to obtain the information"; or if the burden "of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2)(C)(i)-(iii).

All these circumstances apply.  As discussed above, the Trustee is a licensed certified public accountant and experienced trustee in commercial bankruptcies.  The Trustee has undertaken his own investigation and analysis of Debtor and its records, including meetings with Debtor's principal and staff.  It is unreasonably cumulative or duplicative for the Trustee, after having made his own inquiry, to now seek to depose the Committee's accountant to learn exactly what the Committee considered. It also is readily apparent that the information can be obtained from somewhere else, namely, Debtor, based on the Trustee's discussions with debtor's principal and staff.  The Trustee's existing work is more convenient and less burdensome than the Trustee's requested review of the work done for the Committee.  The Trustee also had ample opportunity to obtain the same information from Debtor. The Trustee should not be allowed to simply delay and forcibly take possession of the Committee's information.  When evaluating the matter, the burden of releasing the document—which may terminate any state-law privileges otherwise applicable but for the federal nature of the bankruptcy— far outweighs the benefit to the Trustee in seeking to double-check his information.  *Cf. In re*

*Tidewater Group, Inc.*, 65 B.R. 179, 183 (Bankr. N.D. Ga. 1986) (applying privilege in context of state-law claims).

--The movant "may not discovery documents and tangible things that are prepared in anticipation of litigation or for trial," unless the movant "has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." Fed. R. Civ. P. 26(b)(3)(ii). "Materials prepared in anticipation of litigation by or for a party, by any representative of that party, are protected, regardless of whether the representative is acting for the lawyer." *Boyer v. Gildea*, 257 F.R.D. 488, 491 (N.D. Ind. 2009), *citing Caremark, Inc. v. Affiliated Computer Servs., Inc.*, 195 F.R.D. 610, 615 (N.D. Ill. 2000); *see United States v. Nobles*, 422 U.S. 225, 238-39 (1975).

Even if the movant can show substantial need for the papers, the responding party "need not disclose those parts of documents which reflect the mental impressions, conclusions, opinions or legal theories of its attorney or other representative concerning the litigation." 10 *Collier on Bankruptcy* ¶ 7026.03 & n.13 (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2011). "Mental impressions, conclusions, legal theories or opinions are provided special protection under the work product doctrine. This information can be discovered only in discovered in rare or extraordinary circumstances." Steven S. Gensler, *Federal Rules of Civil Procedure* 523 & nn.177-78 (3d ed. 2007), *citing in part Upjohn Co. v. United States*, 449 U.S. 383, 400 (1981), and *Hickman v. Taylor*, 329 U.S. 495, 512 (1947); *see, e.g., ISI Corp. v. United States*, 503 F.2d 558, 559 (9th Cir. 1974) (per curiam) (holding no reversible error when trial court refused to compel answers requiring disclosure of witness's privileged opinions, conclusions and reasoning).

The Trustee seeks to compel disclosure of Mr. Greene's report and work papers, and to depose him about his opinions in this case. The Trustee cannot do so under the Federal Rules of Civil Procedure incorporated in the Federal Rules of Bankruptcy Procedure, and affirming by the U.S. Supreme Court. The Trustee does not have substantial need for the materials to prepare its case. This is not a case where Mr. Polhill has passed or refused to communicate with the Trustee. The exact opposite has occurred: Mr. Polhill remains in possession of Debtor's books and records, and has met with the Trustee to discuss the business operations before and after the bankruptcy. The

Trustee does is not prohibited from, and does not face an undue hardship, continuing his inquiry in to Debtor's conduct.

--The movant "may not, by interrogatories or deposition, discovery facts known or opinions held by" a non-testifying expert, unless the movant shows "exceptional circumstances under which it is impracticable for the party to obtain facts or opinions on the same subject by other means." Fed. R. Civ. P. 26(b)(4)(D)(ii). This case not reached the point where the Committee must decided whether to call Mr. Greene to testify and/or designate him an expert witness. Based on his background provided in his employment application, he undoubtedly is qualified to speak as an expert in this case. But until he is designated as a testifying expert, he is not subject to discovery of his opinions. The Trustee does not face exceptional circumstances that prevent him from making his own determination, since he has received access to Debtor's records, principal and staff.

--The court may for good cause issue a protective order to protect a party or person from undue burden, by forbidding the disclosure or discovery. Fed. R. Civ. P. 26(c)(1)(A). The Court should prohibit the production of Mr. Greene's report and any work papers, and prohibit his testimony of concerning his thoughts, opinions, or evaluations of the Debtor.

Dated this 27th day of August, 2011                ARMSTRONG TEASDALE LLP

By:   /s/Louis M. Bubala III
         Louis M. Bubala III, Esq.

Counsel to The Official Committee of Unsecured Creditors

**CERTIFICATE OF SERVICE**

1. On August 27, 2011, I served the following document(s):

**OPPOSITION OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO TRUSTEE'S MOTION FOR ORDER AUTHORIZING RULE 2004 EXAMINATION OF ACCOUNTANT CRAIG L. GREENE, WITH CERTIFICATE OF SERVICE**

2. I served the above-named document(s) by the following means to the persons as listed below:

■ a. **ECF System** (attach the "Notice of Electronic Filing" or list all persons and addresses):

ATHANASIOS E. AGELAKOPOULOS on behalf of U.S. Trustee U.S. TRUSTEE - LV - 11
athanasios.agelakopoulos@usdoj.gov

KELLY J. BRINKMAN on behalf of Creditor Hazell, Paul Chew, Veronica
kbrinkman@gooldpatterson.com

JASON C. FARRINGTON on behalf of Defendant KENNETH SILVERMAN
jason@corylaw.us, angie@corylaw.us

PHILIP S. GERSON on behalf of Creditor COUNTY OF SAN BERNARDINO, CALIFORNIA
banknv@rocgd.com, mburgener@rocgd.com

KENT L. IVEY on behalf of Creditor Charles McCamey
iveynet@earthlink.net, katie@ivey4law.com

EDWARD M. MCDONALD on behalf of U.S. Trustee U.S. TRUSTEE - LV - 11
edward.m.mcdonald@usdoj.gov

SARAH D. MOYED on behalf of Creditor UNITED STATES SECURITIES AND EXCHANGE COMMISSION
moyeds@sec.gov

CHRISTINE A ROBERTS on behalf of Trustee CHRISTOPHER BARCLAY
roberts@sullivanhill.com,
hill@sullivanhill.com;vidovich@sullivanhill.com;stephens@sullivanhill.com;stein@sullivanhill.com;calderone@sullivanhill.com;manning@sullivanhill.com;iriarte@sullivanhill.com

MARTHA E. ROMERO on behalf of Creditor COUNTY OF SAN BERNARDINO, CALIFORNIA
robertg@mromerolawfirm.com

LENARD E. SCHWARTZER on behalf of Creditor PAUL HAZELL
bkfilings@s-mlaw.com

BRIAN D. SHAPIRO on behalf of Interested Party LARRY POHILL
bshapiro@brianshapirolaw.com,
ecf@brianshapirolaw.com;brianshapiroesq@yahoo.com;bshapiro@brianshapirolaw.com;candice@brianshapirolaw.com

KAARAN E. THOMAS on behalf of Debtor AMERICAN PACIFIC FINANCIAL CORPORATION
kthomas@mcdonaldcarano.com, mmorton@mcdonaldcarano.com

U.S. TRUSTEE - LV - 11
USTPRegion17.lv.ecf@usdoj.gov

BLAINE T WELSH on behalf of Creditor Security & Exchange Commission
blaine.welsh@usdoj.gov,
eunice.jones@usdoj.gov;sue.knight@usdoj.gov;mary.booker@usdoj.gov;doriayn.olivarra@usdoj.gov

LISA M WILTSHIRE on behalf of Debtor AMERICAN PACIFIC FINANCIAL CORPORATION
lwiltshire@mcdonaldcarano.com, cstuchell@mcdonaldcarano.com;lstewart@mcdonaldcarano.com

RYAN J. WORKS on behalf of Debtor AMERICAN PACIFIC FINANCIAL CORPORATION
rworks@mcdonaldcarano.com, kbarrett@mcdonaldcarano.com

■ b.    **United States mail, postage fully prepaid** (list persons and addresses):

[to be mailed on August. 29, 2011]

CHRISTOPHER R BARCLAY
POB 26099
SANTA ANA, CA 92799
(he and counsel also provided electronic notice via court system on Aug. 27, 2011; counsel provided direct email copy on Aug. 27, 2011)

RICHARD A. HALL on behalf of Creditor RICHARD HALL
BOTTOMLINE LAWYERS, A PROFESSIONAL CORP.
PO BOX 237
AUBURN, CA 95604

MICHAEL J. HEYMAN on behalf of Interested Party LARRY POHILL
K&L GATES LLP
10100 SANTA MONICA BLVD., 7TH FLOOR
LOS ANGELES, CA 90067
(Local counsel Brian Shapiro also provided electronic notice via court system on Aug. 27, 2011; he also personally provided direct email copy on Aug. 27, 2011)

MCDONALD CARANO WILSON, LLP
2300 WEST SAHARA AVENUE
SUITE 1000
LAS VEGAS, NV 89102
(also provided electronic notice via court system on Aug. 27, 2011; Ms. Thomas also provide direct email copy on Aug. 27, 2011)

WILLIAM MUDD
25182 MONTE VERDE DR
LAGUNA NIGUEL, CA 89101

ASHLEY L RUIZ on behalf of Creditor COUNTY OF SAN BERNARDINO, CALIFORNIA
ROMERO LAW FIRM
6516 BRIGHT AVE.
WHITTIER, CA 90601
(Co-counsel Martha Romero and Phil Gerson also provided electronic notice via court system on Aug. 27, 2011)

JEFFREY A. SCHWAB on behalf of Creditor ABELMAN, FRAYNE & SCHWAB (js)
ABELMAN, FRAYNE & SCHWAB
666 THIRD AVENEU
NEW YORK, NY 10017
(also provided direct email copy on Aug. 27, 2011)

■ c. **By direct email (as opposed to through the ECF System**) (list persons and email addresses):

Jim Hill, Trustee, hill@sullivanhill.com
Michael Heyman, Mr. Polhill, mheyman@klgates.com
Kaaran Thomas, Debtor, kthomas@mcdonaldcarano
Sara Kalin, SEC, kalins@sec.gov
Jeffrey A. Schwab at jaschwab@lawabel.com
Dorothy Van Klasbeek, dorothyvk0821@yahoo.com
Maria Davis, mariascuba@yahoo.com

I declare under penalty of perjury that the foregoing is true and correct.

DATED this 27th day of August, 2011

| Louis Bubala | /s/Louis Bubala |
|---|---|
| Name | Signature |