**HOLLEY, DRIGGS, WALCH, PUZEY & THOMPSON**  E-filed October 31, 2014
Richard F. Holley, Esq. (NV Bar No. 3077)
Email: rholley@cdwnvlaw.com
Ogonna M. Atamoh, Esq. (NV Bar No. 7589)
Email: oatamoh@nevadafirm.com
400 South Fourth Street, Third Floor
Las Vegas, Nevada 89101
Telephone:     (702) 791-0308
Facsimile:     (702) 791-1912

**WINSTON & STRAWN LLP**
Rolf S. Woolner (CA Bar No. 143127) [admitted *pro hac vice*]
rwoolner@winston.com
Justin E. Rawlins (CA Bar No. 209915) [admitted *pro hac vice*]
jrawlins@winston.com
William R. Shafton (CA Bar No. 265468) [admitted *pro hac vice*]
wshafton@winston.com
333 S. Grand Avenue, 38th Floor
Los Angeles, CA 90071-1543
Telephone:     (213) 615-1700
Facsimile:     (213) 615-1750

Co-counsel for Plaintiff, Dotan Y. Melech, Chapter 7 Trustee

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| In re: | Case No. BK-S-10-27855-GS |
|---|---|
| AMERICAN PACIFIC FINANCIAL CORPORATION,<br><br>Debtor. | Chapter 7<br><br>**TRUSTEE'S MOTION TO APPROVE NOTICE TO HOLDERS OF TARDILY FILED CLAIMS AND TO ESTABLISH A DEADLINE FOR SUCH CLAIMANTS TO SUBMIT EVIDENCE THAT THEY DID NOT HAVE NOTICE OR ACTUAL KNOWLEDGE OF THE CASE IN TIME TO FILE A TIMELY PROOF OF CLAIM**<br><br>Date:  OST PENDING<br>Time:  OST PENDING<br>Place:<br>      Foley Federal Building<br>      300 Las Vegas Blvd., S.<br>      Las Vegas, NV 89101<br><br>Judge: Hon. Gary Spraker |

Certain claimants in this bankruptcy case filed claims after the applicable claims bar date (the "Tardily Filed Claims"). Section 726(a)(3) of the Bankruptcy Code requires that no distribution shall be made to holders of Tardily Filed Claims unless the estate has sufficient funds to pay all

1  timely filed allowed general unsecured claims in full—and in this case it is not expected that the
2  estate will be able to pay all timely filed allowed general unsecured claims in full. Section 726(a)(2)
3  provides that a tardily filed claim may receive a distribution on par with timely filed general
4  unsecured claims only if the claimant establishes that they did not have notice or actual knowledge
5  of the case in time to file a timely proof of claim.

6  Dotan Y. Melech, the Chapter 7 Trustee (the "Trustee") of American Pacific Financial
7  Corporation ("APFC" or the "Debtor"), by and through his counsel of record, the law firm of Holley,
8  Driggs, Walch, Puzey & Thompson and the law firm of Winston & Strawn LLP, files this motion
9  (the "Motion") asking the Court to (1) approve a form of notice explaining to the holders of Tardily
10 Filed Claims (listed in Exhibit A to this Motion) that, by operation of Section 726, no distribution
11 will be made on account of their late-filed claims <u>unless</u> a claimant timely responds and establishes
12 to this Court's satisfaction that the claimant lacked notice or actual knowledge of the case in time to
13 file a proof of claim before the June 19, 2012 claims bar date[1]; and (2) set a deadline by which
14 holders of Tardily Filed Claims must make such a showing.

15 **I.    JURISDICTION**

16 This Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334. This is a core
17 proceeding within the meaning of 28 U.S.C. §157(b)(2). Venue of these proceedings and this Motion
18 in this district is proper under 28 U.S.C §§ 1408 and 1409. The statutory bases for the relief
19 requested herein are Bankruptcy Code sections 105(a), 502, and 726.

20 **II.   BACKGROUND**

21 On September 21, 2010 (the "Petition Date"), the Debtor filed with this Court its voluntary
22 petition for relief under chapter 11 of the Bankruptcy Code [Dkt. No. 1].

23 The initial deadline to file Proofs of Claim in the Chapter 11 case was February 2, 2011
24 [Dkt. No. 7].

25 On May 19, 2011, an Order was entered approving the appointment of Christopher R.
26 Barclay as Chapter 11 Trustee [Dkt. No. 322].

---

[1] For the avoidance of doubt, Section 726 does not provide for the disallowance of tardily filed claims simply because they were filed late. This Motion is <u>not</u> an objection to the allowance of the Tardily Filed Claims.

1

On December 9, 2011, the Chapter 11 Trustee filed a Motion to Convert Case from Chapter 11 to Chapter 7 ("Motion to Convert") [Dkt. No. 446]. A hearing was held on the Motion to Convert on February 9, 2012.

On February 15, 2012, the Order Granting Trustee's Motion to Convert Case from Chapter 11 to Chapter 7 was entered [Dkt. No. 574] and on the same day Dotan Y. Melech was appointed the Chapter 7 Trustee [Dkt. No. 577].

The deadline for non-governmental creditors to file Proofs of Claim in the converted Chapter 7 case was **June 19, 2012** (the "Claims Bar Date") [Dkt. No. 577].

Each of the Tardily Filed Claims listed on Exhibit A was filed after the Claims Bar Date.

As a result of the Trustee's efforts in connection with Adversary Proceeding No. 12-01226-GS, the Trustee and the defendants finalized the terms of a settlement agreement; the Trustee's motion to approve that settlement was heard by this Court and approved on September 12, 2014. [Dkt. No. 1295]. That settlement, assuming satisfaction of the remaining condition to effectiveness (requiring confirmation from the SEC that it will not seek additional disgorgement, contribution, or civil penalties from Mr. Polhill), is expected to bring in at least $32 million and perhaps as much as $35 million in cash to the APFC estate. [Dkt. No. 966].

Allowable general unsecured claims in this case appear to exceed $100 million. The Trustee does not expect that timely filed allowed general unsecured claims will be paid in full. [*See* Dkt. No. 1125 at 6].

### III. RELIEF REQUESTED AND BASIS FOR RELIEF

Section 726(a) of the Bankruptcy Code provides:

Except as provided in section 510 of this title, property of the estate shall be distributed--
(1)   first, in payment of [certain priority claims] . . . ;
(2)   second, in payment of any allowed unsecured claim, other than a claim of a kind specified in paragraph (1), (3), or (4) of this subsection, proof of which is--
        (A) timely filed under section 501(a) of this title;
        (B) timely filed under section 501(b) or 501(c) of this title; or
        (C) tardily filed under section 501(a) of this title, if--
                (i) the creditor that holds such claim did not have notice or actual knowledge of the case in time for timely filing of a proof of such claim under section 501(a) of this title; and
                (ii) proof of such claim is filed in time to permit payment of such claim;
(3)   third, in payment of any allowed unsecured claim proof of which is tardily filed under section 501(a) of this title, other than a claim of the kind specified in paragraph (2)(C) of this subsection . . . .

2

11 U.S.C. § 726(a). Put another way, Section 726 mandates that late-filed general unsecured claims are not entitled to distribution pro rata with timely-filed claims if the holders of tardily filed claims had notice or actual knowledge of the bankruptcy case in time to timely file their claims.

The Trustee has no reason to believe that any of the claimants who filed Tardily Filed Claims lacked notice or lacked actual knowledge of this bankruptcy case. By this Motion, the Trustee asks this Court: (1) to approve the proposed form of notice, a copy of which is attached hereto as Exhibit B, through which the Trustee will explain to holders of Tardily Filed Claims that, by operation of Section 726(a)(3), no distribution on account of Tardily Filed Claims will be made[2] unless a claimant, by the deadline specified by this Court, establishes to this Court's satisfaction pursuant to Section 726(a)(2)(C) that the claimant lacked notice or actual knowledge of the case in time to file a proof of claim before the Claims Bar Date; and (2) to establish a deadline by which holders of Tardily Filed Claims must make the requisite showing. The Trustee asks that the deadline be set as the date 15 days from the date of mailing of the notice to the holders of Tardily Filed Claims.

If this Motion is granted, (a) the Trustee will send out the approved notice to holders of the Tardily Filed Claims and (b) if, by the specified deadline, any holders of Tardily Filed Claims assert that they lacked notice or actual knowledge of the case in time to file a proof of claim before the Claims Bar Date, the Trustee will then request a hearing so that the Court determine whether any such claimants are entitled to a distribution on par with allowed timely general unsecured creditors pursuant to Section 726(a)(2)(C).

## IV. NOTICE

Notice of this Motion has been provided to (a) the holders of Tardily Filed Claims as set forth on Exhibit A; (b) the Office of the United States Trustee for the District of Nevada; and (c) parties who have requested special notice in this chapter 7 case pursuant to Bankruptcy Rule 2002. The Trustee submits that no other or further notice need be given.

## V. RESERVATION OF RIGHTS

By this Motion, the Trustee is not objecting to the Tardily Filed Claims. The Trustee hereby reserves the right to object in the future to the Tardily Filed Claims on any ground. The Trustee

---

[2] As noted above, the Trustee does not anticipate there will be sufficient funds in the APFC estate to satisfy in full the allowed timely general unsecured claims.

3

further reserves the right to amend, modify, and/or supplement this Motion. Separate notice and hearing will be scheduled for any such objection.

## VI. CONCLUSION

The Trustee respectfully requests that this Court (1) approve the form of notice attached hereto as Exhibit B; and (2) establish a deadline by which holders of Tardily Filed Claims must make any showing that the claimant lacked notice or actual knowledge of the bankruptcy case as provided in Section 726(a)(2)(C).

Dated: October 31, 2014

HOLLEY, DRIGGS, WALCH, PUZEY & THOMPSON

_/s/ Richard F. Holley_
Richard F. Holley, Esq. (Nevada Bar No. 3077)
Ogonna M. Atamoh, Esq. (Nevada Bar No. 7589)
400 South Fourth Street, Third Floor
Las Vegas, Nevada 89101

**WINSTON & STRAWN LLP**
Rolf S. Woolner
Justin E. Rawlins
William R. Shafton
333 S. Grand Avenue, 38th Floor
Los Angeles, CA  90071-1543

Co-counsel for Dotan Y. Melech, Chapter 7 Trustee

# EXHIBIT "A"

## American Pacific Financial Corporation
### Exhibit A - Tardily Filed Claims

| Claimant | Care of / Attention | POC No. | Date Filed | Amount | |
|---|---|---|---|---|---|
| PJ Simpson Revocable Living Trust | c/o Peggy Simpson, Trustee | 426-2 | 06/20/12 | 15,957.95 | |
| Washburn, Jason | | 427-1 | 06/20/12 | 10,344.11 | |
| Rubin, Barbara L. | | 432-1 | 06/20/12 | 61,350.68 | |
| Hurd, Monte L. | | 457-1 | 06/21/12 | 41,289.41 | |
| Somerday, Carol Louise Baker | | 458-1 | 06/21/12 | 57,134.29 | |
| Svedin, Michael Bryce | | 459-1 | 06/21/12 | 2,025.70 | |
| Harris, Chelsea Stakkeland | | 460-1 | 06/21/12 | 13,547.93 | |
| Svedin, Michael & Melanie | | 461-1 | 06/21/12 | 15,247.81 | |
| McClelan Jaggi, Lael R. | | 462-1 | 06/21/12 | 10,938.51 | |
| Watson, Linda | | 463-1 | 06/21/12 | 28,311.63 | |
| Darling, Donald & Marilyn | | 464-1 | 06/21/12 | 703,628.64 | |
| Scheider, Margaret | | 467-1 | 06/22/12 | 23,213.60 | |
| Colantonio, Joseph & Cecilia | | 468-1 | 06/22/12 | 102,095.89 | |
| Hwan, Hock C. | | 469-1 | 06/22/12 | 156,995.39 | |
| Greer, Mabel | Mabel Greer Estate, c/o Darlys Robertson | 470-1 | 06/25/12 | 186,472.59 | |
| James Inman Family Revocable Trust | c/o James H. Inman | 471-1 | 06/27/12 | 104,325.55 | |
| Rogers, Gene A. | | 472-1 | 06/26/12 | 193,205.65 | |
| Susan M. Schrecengost Trust | c/o Susan M. Schrecengost | 474-1 | 07/05/12 | 49,876.71 | |
| Nickel, Frank H. | | 475-1 | 07/05/12 | 150,000.00 | |
| Williams, Mark & Sandra | | 476-1 | 07/09/12 | 76,265.02 | |
| McIntyre, Lee | | 477-1 | 07/11/12 | 96,748.40 | |
| Gus F. Nelson U Cr Trust | c/o Helen Nelson | 478-1 | 07/11/12 | 406,343.22 | |
| Stafford, Brandi | | 479-1 | 07/11/12 | 8,010.29 | |
| White, Mark & Elisa | | 480-1 | 07/16/12 | 27,420.92 | |
| Zinner Trust | c/o Karl and Barbara Zinner | 485-1 | 05/06/13 | 522,653.62 | |
| Darling, Cynthia | | 486-1 | 05/06/13 | 53,966.69 | |
| Barnett, Rosemarie | | 487-1 | 05/08/13 | 80,062.88 | |
| Baca, Linda | | 488-1 | 05/13/13 | 127,810.67 | |
| Ruhl, Russell H. & Joanne M. | | 490-2 | 03/14/14 | 2,498,012.00 | * |
| Bhattacharyya, Swatsi | | 491-1 | 05/28/13 | 9,746.99 | |
| Agarwal, Suman | | 496-1 | 09/22/14 | - | ** |
| Suman Agarwal Suv Tst 1999 | c/o Suman Agarwal | 497-1 | 09/24/14 | 110,500.00 | *** |
| Crandall, Bradley J. | | 499-1 | 09/30/14 | 11,289.55 | |
| J Stevenon Estate | c/o Brad Crandall | 500-1 | 09/30/14 | 33,305.34 | |
| Alberta Lou Manzo Estate | c/o Aaron Moss, Executor | 501-1 | 10/06/14 | 51,348.26 | |
| | | | Total | $6,039,445.89 | |

\* The Trustee filed an objection to claim 490-2 [Dkt. No. 1036] seeking to reduce the allowed amount to $768,342.15. The Trustee and claimant have an agreement in principle that Claim 490-2 shall be allowed as a general unsecured claim for Russell H. Ruhl in the amount of $569,925.85 and that Claim 490-2 shall be allowed as a general unsecured claim for Norma V. Ruhl, deceased, in the amount of $275,000. Once the agreement has been reduced to a fully executed stipulation, the Trustee anticipates presenting the stipulation to this Court for review and approval.
\*\* The Court's deficiency notice indicated that claim 496-1 was deficient because it did not include a proper proof of claim form. Claimant subsequently filed claim 497-1.
\*\*\* The Court's deficiency notice indicated that claim 497-1 was deficient because it did not include an original signature.

# EXHIBIT "B"

**HOLLEY, DRIGGS, WALCH, PUZEY & THOMPSON**
Richard F. Holley, Esq. (NV Bar No. 3077)
Email: rholley@cdwnvlaw.com
Ogonna M. Atamoh, Esq. (NV Bar No. 7589)
Email: oatamoh@nevadafirm.com
400 South Fourth Street, Third Floor
Las Vegas, Nevada 89101
Telephone:   (702) 791-0308
Facsimile:    (702) 791-1912

**WINSTON & STRAWN LLP**
Rolf S. Woolner (CA Bar No. 143127) [admitted *pro hac vice*]
rwoolner@winston.com
Justin E. Rawlins (CA Bar No. 209915) [admitted *pro hac vice*]
jrawlins@winston.com
William R. Shafton (CA Bar No. 265468) [admitted *pro hac vice*]
wshafton@winston.com
333 S. Grand Avenue, 38th Floor
Los Angeles, CA 90071-1543
Telephone:   (213) 615-1700
Facsimile:    (213) 615-1750

Co-counsel for Plaintiff, Dotan Y. Melech, Chapter 7 Trustee

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| In re:<br><br>AMERICAN PACIFIC FINANCIAL CORPORATION,<br><br>Debtor. | Case No. BK-S-10-27855-GS<br>Chapter 7<br><br>**NOTICE TO HOLDERS OF TARDILY FILED CLAIMS**<br><br>DEADLINE TO RESPOND: **[DEADLINE]** |
|---|---|

**TO: ALL CLAIMANTS WHO FILED PROOFS OF CLAIM AFTER JUNE 19, 2012**

You are receiving this notice because you filed a proof of claim in the American Pacific Financial Corporation bankruptcy case after the June 19, 2012 deadline (the "Claims Bar Date"). By operation of the Bankruptcy Code and because of the limited funds in the Debtor's estate, you will not receive a distribution from the bankruptcy estate on account of your tardily filed claim unless the Bankruptcy Court determines that you did not have notice or actual knowledge of the bankruptcy case so as to be able to file your claim prior to the Claims Bar Date.

**If you did not have notice or actual knowledge of this bankruptcy case in time to file your proof of claim by the June 19, 2012 Claims Bar Date, you must file a response to this notice with the Bankruptcy Court no later than [DEADLINE] and present (a) a statement explaining why you did not have notice or actual knowledge and (b) any available evidence that supports your explanation.** The Bankruptcy Court will then consider your showing and determine if you are entitled to a distribution on par with the timely filed general unsecured claims.[1] If you wish to submit a statement and supporting evidence, mail your statement and evidence to: (1) the United States Bankruptcy Court, 300 Las Vegas Blvd., S., Las Vegas, NV 89101 and (2) the undersigned counsel at the addresses shown below so that your statement and evidence are received no later than **[DEADLINE]**. The Chapter 7 Trustee will then request a hearing from the Bankruptcy Court regarding the matter. **If you fail to submit a statement and evidence with the Bankruptcy Court by [DEADLINE], it is expected you will not receive any distribution on account of your tardily filed claim.**

If you have questions regarding this notice, you may contact Alejandro J. Pestonit, Paralegal to Richard F. Holley, Esq. and Ogonna M. Atamoh, Esq. (Phone: (702) 791-0308; Email: apestonit@nevadafirm.com).

Dated: October 31, 2014

**HOLLEY, DRIGGS, WALCH, PUZEY & THOMPSON**

Richard F. Holley, Esq. (Nevada Bar No. 3077)
Ogonna M. Atamoh, Esq. (Nevada Bar No. 7589)
400 South Fourth Street, Third Floor
Las Vegas, Nevada 89101

**WINSTON & STRAWN LLP**
Rolf S. Woolner
Justin E. Rawlins
William R. Shafton
333 S. Grand Avenue, 38th Floor
Los Angeles, CA 90071-1543

Co-counsel for Dotan Y. Melech, Chapter 7 Trustee

---

[1] Section 726 of the Bankruptcy Code mandates that late-filed general unsecured claims are not entitled to distribution pro rata with timely-filed claims if the holders of tardily filed claims had notice or actual knowledge of the bankruptcy case in time to timely file their claims. 11 U.S.C. § 726(a)(2).

1

**CERTIFICATE OF SERVICE**

I hereby certify that I am an employee of Holley, Driggs, Walch, Puzey & Thompson, and that on the 31st day of October, 2014, I caused to be served a true and correct copy of TRUSTEE'S MOTION TO APPROVE NOTICE TO HOLDERS OF TARDILY FILED CLAIMS AND TO ESTABLISH A DEADLINE FOR SUCH CLAIMANTS TO SUBMIT EVIDENCE THAT THEY DID NOT HAVE NOTICE OR ACTUAL KNOWLEDGE OF THE CASE IN TIME TO FILE A TIMELY PROOF OF CLAIM in the following manner:

☒ (ELECTRONIC SERVICE) Under Administrative Order 02-1 (Rev. 8-31-04) of the United States Bankruptcy Court for the District of Nevada, the above-referenced document was electronically filed on the date hereof and served through the Notice of Electronic Filing automatically generated by that Court's facilities.

☐ (UNITED STATES MAIL) By depositing a copy of the above-referenced document for mailing in the United States Mail, first class postage prepaid, at Las Vegas, Nevada, to the parties listed on the attached service list, at their last known mailing addresses, on the date above written.

☐ (OVERNIGHT COURIER) By depositing a true and correct copy of the above-referenced document for overnight delivery via Federal Express, at a collection facility maintained for such purpose, addressed to the parties on the attached service list, at their last known delivery address, on the date above written.

☐ (FACSIMILE) That I served a true and correct copy of the above-referenced document via facsimile, to the facsimile numbers indicated, to those persons listed on the attached service list, on the date above written.

/s/ *signature*
An employee of Holley, Driggs, Walch, Puzey & Thompson